1

2

3

4                     IN THE UNITED STATES DISTRICT COURT

5                   FOR THE EASTERN DISTRICT OF CALIFORNIA

6

7    SANDY BELL and MARTIN GAMA,        )
     individually and on behalf of       )      2:12-cv-02499-GEB-CKD
8    other members of the general        )
     public similarly situated and as    )
9    aggrieved employees pursuant to     )      REMAND ORDER
     the Private Attorneys General        )
10   Act ("PAGA"),                        )
                                          )
11                  Plaintiffs,           )
                                          )
12           v.                           )
                                          )
13   HOME DEPOT U.S.A., INC., a           )
     Delaware corporation; JOHN           )
14   BROOKS, an individual; and Does     )
     1 through 10, inclusive,            )
15                                        )
                    Defendants.           )
16   _____ )

17           Plaintiffs seek an order remanding this putative class action

18   to the Superior Court of the State of California from which it was

19   removed, arguing that removal jurisdiction, which is based on the Class

20   Action Fairness Act of 2005 ("CAFA"), is lacking since the removing

21   party, Defendant Home Depot U.S.A., Inc. ("Home Depot"), has not shown

22   CAFA's $5 million amount-in-controversy requirement is met. Defendants

23   oppose the motion, arguing, "[g]iven the various [state law] wage and

24   hour claims in the [C]omplaint, [P]laintiffs' allegations that such

25   violations were systemic, and the data provided by Home Depot here and

26   in its removal papers, it is clear that plaintiffs' claims place more

27   than $5 million in controversy." (Defs.' Opp'n 1:18-21, ECF No. 15.)

28

1

# I. JURISDICTION UNDER CAFA

"As amended by CAFA, 28 U.S.C. § 1332(d) vests district courts with 'original jurisdiction of any civil action in which [the amount] in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs,' and in which the aggregate number of proposed plaintiffs is 100 or greater, and any member of the plaintiff class is a citizen of a state different from any defendant." Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 997 (9th Cir. 2007) (quoting 28 U.S.C. § 1332(d)). "[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006) (per curiam).

## A.   Legal Standard

The parties dispute the legal standard that governs the amount in controversy determination. Plaintiffs argue Home Depot must establish the amount in controversy exceeds $5 million to a legal certainty; Defendants counter the preponderance-of-the-evidence standard applies. Under CAFA, "where the plaintiff has pled an amount in controversy less than $5,000,000, the party seeking removal must prove with legal certainty that CAFA's jurisdictional amount is met." Lowdermilk, 479 F.3d at 1000. However, if a plaintiff's "complaint is unclear [regarding] 'a total amount in controversy,' the proper burden of proof . . . is proof by a preponderance of the evidence." Guglielmino v. McKee Foods Corp., 506 F.3d 696, 701 (9th Cir. 2007).

Plaintiffs' complaint includes the following allegations:

> The monetary damages and restitution sought by Plaintiffs exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. Plaintiffs allege that the amount in controversy for each class representative, including claims for monetary

1                damages, restitution, penalties, injunctive relief, and a pro rata share of attorneys fees, is less than seventy-five thousand dollars ($75,000) and that <u>the aggregate amount in controversy for the proposed class action, including monetary damages, restitution, penalties, injunctive relief, and attorneys' fees, is less than five million dollars ($5,000,000), exclusive of interest and costs. Plaintiffs reserve the right to seek a larger amount based upon new and different information resulting from investigation and discovery.</u>

(Compl. ¶ 1, ECF No. 2-3 (emphasis added).)

Defendants argue:

                Notwithstanding [that Plaintiffs allege] that damages are less than $5 million, [P]laintiffs expressly reserve the right to seek more than $5 million in damages and refuse to stipulate that they will not seek greater damages. Accordingly, the amount of damages sought in the [C]omplaint is ambiguous, and as a result, the preponderance of the evidence standard applies.

(Opp'n 1:6-13.)

        Plaintiffs counter that they "'may plead conservatively to secure a state forum,'" and "'absent evidence of bad faith, the Court is obligated to honor that representation.'" (Mot. to Remand 3:10-13, ECF No. 9 (alteration omitted) (quoting <u>Lowdermilk</u>, 473 F.3d at 1003).) Further, Plaintiffs argue "the 'reservation of rights' language does not affect [Home Depot's] burden." (<u>Id.</u> at 3:13-14 (citing <u>Jones v. ADT Sec. Servs., Inc.</u>, No. CV 11-7750 PSG (JCGx), 2012 WL 12744, at *2 (C.D. Cal. Jan. 3, 2012)).)

                Plaintiff[s'] reservation of right[s] does not create an uncertainty about the amount in controversy; it does no more than state a right that Plaintiff[s] already possess[]. Because Plaintiff[s] ha[ve] specifically alleged that [their] case does not meet the diversity jurisdiction threshold required for CAFA jurisdiction, [Home Depot] must establish with legal certainty that the amount in controversy exceeds the statutory minimum of $5,000,000.

1    <u>Velasquez v. HMS Host USA, Inc.</u>, No. 2:12-CV-02312-MCE-CKD, 2012 WL
2    6049608, at *7 (E.D. Cal. Dec. 5, 2012); <u>see also</u> <u>Jones v. ADT Sec.</u>
3    <u>Servs., Inc.</u>, No. CV 11-7750 PSG (JCGx), 2012 WL 12744, at *2 (C.D. Cal.
4    Jan. 3, 2012) ("On its face, the Complaint alleges the amounts in
5    controversy are less than the statutory minimums for [CAFA]
6    jurisdiction. . . . Defendant argues that Plaintiffs' reservation of
7    rights . . . creates an ambiguity. The Court disagrees.")

8        "The 'legal certainty' standard sets a high bar for the party
9    seeking removal, but it is not insurmountable." <u>Lowdermilk</u>, 479 F.3d at
10   1000. "The standard 'legal certainty' . . . . does not mean the
11   [removing party] must prove [plaintiffs'] case; rather, [that party]
12   must produce enough evidence to allow a court 'to <u>estimate</u> with
13   certainty the actual amount in controversy.'" <u>Campbell</u>, 471 F. App'x at
14   647 (second alteration in original) (quoting <u>Lowdermilk</u>, 479 F.3d at
15   1001). Assertions and assumptions in the removing party's calculation of
16   the amount in controversy must be supported by evidence. See <u>Lowdermilk</u>,
17   479 F.3d at 1001 ("Defendant assumes that all class members would be
18   entitled to the maximum damages . . . , but provides no evidence to
19   support this assertion. . . . [A]bsent more concrete evidence, it is
20   nearly impossible to estimate with any certainty the actual amount in
21   controversy.").

22      **B.   Discussion**

23        Defendants contend that "[e]ven under the legal certainty
24   standard . . . federal jurisdiction is still proper in this action."
25   (Opp'n 9:26-27.) Defendants argue:

26          Given that the complaint alleges unrecorded
         work time, Home Depot necessarily has no records
27         reflecting the frequency or amount of claimed
         unrecorded work time. Nonetheless, in estimating
28         damages, defendants have made reasonable and
         conservative estimates regarding the number of

> penalties per class member based on the data that [is] available. Plaintiffs' allegations that claimed violations occurred "regularly," "often," and pursuant to "corporate policy and or practice" support higher estimates of damages and penalties than defendants have estimated. The Court can clearly "estimate with certainty" that the amount in controversy exceeds CAFA's jurisdictional minimum.

(Id. at 11:6-13.) For example, Defendants contend that Plaintiffs' California Labor Code section 203 claim "for 'waiting time' penalties alone exceeds the $5 million threshold." (Id. at 4:7.)

> Under [P]laintiffs' theory, if any one of the myriad wage violations alleged in the complaint – working off the clock, missed, short, or late meal periods or rest breaks, unpaid overtime, failure to receive at least minimum wage for all hours worked – is proven, at any point during the over three-year class period, the affected class members were owed additional wages at the time of termination, thereby implicating section 203 penalties. As of October 4, 2012, the date the action was removed, approximately 1,553 putative class members had terminated their employment at least 30 days prior (this number does not include potential class members terminated less than 30 days before removal). Accordingly, Home Depot is potentially subject to the maximum penalty under section 203 (30 days) for each of these 1,553 putative class members. The average daily wages for these former employees at the time of termination was $122.44. Thus, the penalties for these putative class members (30 x $122.44 x 1,553) yields potential damages on this claim alone of $5,704,480.
>
> . . . .
>
> . . . Indeed, even if only 88% of the former employee in the putative class claim some amount of unpaid wages, the waiting time penalties alone would still exceed the CAFA threshold of $5 million.

(Id. at 4:14-5:13 (citations omitted).) Defendants argue similar estimated calculations apply concerning Plaintiffs' other state wage and hour claims. (Id. at 5:14-6:18.) All of Defendants' amount-in-

controversy calculations are based upon the Declaration of economist G. Edward Anderson, Ph.D. (Decl. G. Edward Anderson, ECF No. 15-2.)

Plaintiffs reply by challenging Dr. Anderson's calculations and arguing, in essence, that "Defendants failed to produce any concrete evidence that would satisfy their burden under the legal certainty standard." (Pls.' Reply 10:3-4, ECF No. 17.) Plaintiffs argue:

> [C]ourts have rejected Defendants' assertion that legal certainty can be shown by reference to the allegations of "routine" and "systematic" practices in the Complaint. When the plaintiff does not allege in even general or vague terms the frequency of the alleged violations, a removing defendant cannot simply provide unfounded assumptions of such violation rates.

(Id. at 8:7-11 (internal quotation marks omitted).) For example, Plaintiffs contend: "Defendants provide no proof that all 1,553 employees purportedly terminated over the statutory period suffered at least one other violation that may lead to waiting time penalties." (Id. at 11:9-16 (emphasis added) (footnote omitted).) Plaintiffs further argue: "Although Defendants . . . present . . . more 'conservative' rates . . . , there is no support for [applying] any speculative rate." (Id. at 11:19-22.)

Here, Dr. Anderson relies on assumptions and estimations in his calculations, which Plaintiffs point out in their Reply. Defendants argue that these estimates are appropriate because Defendants "may rely on reasonable estimates and assumptions to establish the jurisdictional amount," (Opp'n 11:17-18), citing Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010); and Rippee v. Bos. Mkt. Corp., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). However, the cited cases do not support Defendants' argument; Korn and Lewis were both decided under

the less stringent preponderance-of-the-evidence standard, and <u>Rippee</u> was decided two years before the Ninth Circuit's decision in <u>Lowdermilk</u> established the applicable "legal certainty" standard.

To the contrary, numerous district courts have rejected the use of similar estimates under the legal certainty standard (even conservative ones) when the estimates and assumptions are not supported by concrete evidence. <u>See, e.g.</u>, <u>Cifuentes v. Red Robin Int'l, Inc.</u>, No. C-11-5635-EMC, 2012 WL 693930, at *4-5 (N.D. Cal. Mar. 1, 2012) ("Legal certainty must be based on concrete evidence . . . ."); <u>Velasquez</u>, 2012 WL 6049608, at *7-9 ("Defendants again offer no evidence to support their assertion that each putative class member is entitled to maximum penalties under PAGA. Defendants have thus failed to establish this amount in controversy with legal certainty."); <u>Fletcher v. Toro Co.</u>, No. 08-CV-2275 DMS WMC, 2009 WL 8405058, at *8 (S.D. Cal. Feb. 3, 2009) (granting motion to remand because even though "defendant's calculations are conservative . . . . [and] appear to be based . . . on the Complaint's allegations, they lack evidentiary support"). Since Defendants have not proffered concrete evidence to support their estimations and assumptions, they have not met their burden to establish jurisdiction under CAFA.[1]

---

[1]     Further, while the motion was under submission, Defendants filed a "Notice of New Authority" which they contend supports their opposition to Plaintiffs' motion to remand. (ECF No. 19.) However, the recently decided Supreme Court case Defendants reference does not affect the disposition, since the narrow issue decided in that case was different from the issue sub judice. <u>Compare</u> <u>Std. Fire Ins. Co. v. Knowles</u>, 133 S. Ct. 1345, 1348 (2013) ("The question presented concerns a class-action plaintiff who stipulates, prior to certification of the class, that he, and the class he seeks to represent, will not seek damages that exceed $5 million in total. Does that stipulation remove the case from CAFA's scope? In our view, it does not."), <u>with</u> (Opp'n 8:6-8 (acknowledging that "Plaintiffs . . . refused to stipulate that

(continued...)

## II. CONCLUSION

      For the stated reasons, Plaintiffs' motion to remand (ECF No. 9) is granted. The case is remanded to the Superior Court of the State of California in the County of Sacramento, from which it was removed, and the action shall be closed.

Dated:  April 25, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

<sub></sub>¹(...continued)
they will not seek more than $5 million.").