UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDY BELL and MARTIN GAMA, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),<br><br>          Plaintiffs,<br><br>     v.<br><br>HOME DEPOT U.S.A., Inc., a Delaware corporation; JOHN BROOKS, an individual; and DOES I through 10, inclusive,<br><br>          Defendants. | 2:12-cv-02499-GEB-CKD<br><br><br>ORDER DENYING MOTION TO REMAND |

Plaintiffs Sandy Bell and Martin Gama seek an order remanding this putative class action to the state court from which it was removed, arguing that removal jurisdiction asserted under the Class Action Fairness Act of 2005 ("CAFA") does not exist since Defendants Home Depot U.S.A., Inc. ("Home Depot") and John Brooks have not shown that CAFA's $5 million amount-in-controversy requirement is satisfied. Defendants oppose the motion.

**I.   BACKGROUND AND CLAIMS**

The following factual allegations and claims are

1

pertinent to the remand motion. Plaintiffs allege in their Complaint that "Defendants have a corporate policy and or practice of erasing and/or reducing the amount of overtime wages paid to hourly non-exempt employees such as Plaintiffs and class members." (Compl. ¶ 53, ECF No. 2-3.) Plaintiffs further allege, "Plaintiffs and class members were pressured and/or compelled by Defendants not to record overtime hours in order to keep payroll costs down"; and "Defendants required Plaintiffs and class members to complete their assigned duties and did not provide sufficient staff to complete those duties within Plaintiffs' and class members' scheduled working hours." (Id.) "As a result," Plaintiffs allege, "Plaintiffs and class members were forced to continue working off-the-clock, either before they clocked in, after they clocked out, or during their meal periods, in order to complete their assigned work." (Id.) Plaintiffs also allege, "Plaintiffs and other aggrieved employees would have to forgo their rest periods or cut their rest periods short because they had to continue working as a result [of] Defendants' pressure to keep labor hours to a minimum." (Id. ¶ 86.)

Plaintiffs also allege, inter alia, the following claims: 1) failure to pay overtime compensation prescribed in sections 510 and 1198 of the California Labor Code; 2) failure to pay minimum wages prescribed in sections 1194, 1197, and 1197.1 of the Labor Code; 3) failure to timely pay wages upon separation from employment in violation of sections 201, 202, and 203 of the Labor Code; and 4) violation of the California Unfair Competition Law.

Plaintiffs assert these claims on behalf of themselves

and a proposed class of "[a]ll non-exempt or hourly paid supervisors who worked for Defendants in a California retail store, from August 14, 2009 until the date of certification." (Id. ¶ 19.)

## II. LEGAL STANDARD

"A defendant seeking removal of a putative class action [under CAFA] must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum [of $5 million]." Rodriguez v. AT & T Mobility Servs., 728 F.3d 975, 981 (9th Cir. 2013). "Under this burden, the [removants] must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). When deciding whether this burden is satisfied, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy. If not, the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997)(quoting Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335-36 (5th Cir. 1995)).

## III. DISCUSSION

Defendants argue Plaintiffs' waiting time penalties claim alleged under section 203 of the Labor Code exceeds $5 million and therefore satisfies the amount in controversy requirement. Section 203 states, in pertinent part: "If an employer willfully fails to pay . . . any wages of an employee

3

who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Cal. Lab. Code § 203(b). "The so-called 'waiting time penalty' is 'equivalent to the employee's daily wages for each day he or she remained unpaid up to a total of 30 days.'" Drumm v. Morningstar, Inc., 695 F. Supp. 2d 1014, 1018 (N.D. Cal. 2010) (quoting Mamika v. Barca, 68 Cal. App. 4th 487, 493 (1998)).

Defendants support their argument concerning this claim with the declaration of G. Edward Anderson, Senior Economist and Vice President of Welch Consulting. Anderson declares that he reviewed Home Depot's human resource and time keeping records, and he avers as follows:

1) 1,553 employees in Plaintiffs' proposed class separated from their employment with Home Depot between August 14, 2009 and September 4, 2012.
2) The average daily wages of these separated employees during the last three months of their employment was $122.44.

Defendants contend in essence that the allegations in the Complaint which are germane to Plaintiffs' section 203 claim place in controversy one section 203 violation for each of the 1,553 class members who separated from employment with Home Depot between August 14, 2009 and September 4, 2012. Defendants also contend that each of these employees is entitled to the maximum 30-day waiting time penalty. Defendants calculate the amount placed in controversy by this claim as follows: 1,553 former

employees x $122.44 average daily wage X 30 days of penalties = $5,704,480.

Plaintiffs rejoin that their section 203 claim does not place in controversy one section 203 violation per former employee since Plaintiffs "did not allege that all terminated employees were eligible for waiting time penalties[,] [a]nd Home Depot provides absolutely no proof that all 1,553 employees purportedly terminated over the statutory period suffered at least one violation that triggers waiting time penalties." (Pls.' Reply 8:12-15, ECF No. 44.)

Plaintiffs allege in their section 203 claim that "Defendants willfully failed to pay Plaintiffs and class members who are no longer employed by Defendants all their earned wages, including, but not limited to, unpaid overtime wages, unpaid minimum wages, and missed meal and rest period premium wages, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ." (Compl. ¶ 72; see also id. ¶ 35.) Plaintiffs also allege, "Plaintiffs and class members were pressured and/or compelled by Defendants not to record overtime hours in order to keep payroll costs down," and they "were not paid for the hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week." (Id. ¶ 53.) Plaintiffs further allege, "Defendants often required, caused or permitted Plaintiffs and other aggrieved employees to work more than five hours of work without a meal period" and "Plaintiffs and class members . . . did not receive . . . one (1) additional hour of pay at Plaintiffs' and class members' regular rate of pay when

5

they did not receive a timely uninterrupted meal period [or rest period]." (Id. ¶¶ 85, 32, 33.)

The essence of these allegations allege a regularly occurring failure to pay Plaintiffs' and class members' overtime, meal period, and rest period wages, and support Defendants' position that it is more likely than not that Plaintiffs have placed in controversy waiting time penalties for each employee who separated from his/her employment with Home Depot between August 14, 2009 and September 4, 2012. See Stevenson v. Dollar Tree Stores, Inc., CIV S-11-1433 KJM, 2011 WL 4928753, at *4 (E.D. Cal. Oct. 17, 2011) (finding "Defendant was reasonable in estimating . . . that all members of the proposed class . . . were entitled to the waiting time penalty" since "Plaintiff alleges that members of the proposed class 'routinely work in excess of five hours, and/or multiples thereof [but do not receive] proper off-duty meal periods or [compensation] for missed meal periods . . . .'"); Roth v. Comerica Bank, 799 F. Supp. 2d 1107, 1125 (C.D. Cal. 2010)(finding allegations that Plaintiff "'regularly and/or consistently' worked overtime, 'often' missed meal or rest periods, and were not properly compensated in their paychecks" "suggest all class members were denied some form of proper compensation during their employment, and that the underpayment was not corrected at end of their employment.").

Plaintiffs also argue Defendants' reliance on the 30-day waiting time penalty asserted on behalf of each former employee is erroneous since "Plaintiffs allege that class members may be entitled to penalties 'up to' the thirty day maximum, not

that each class member is entitled to the maximum penalty for all thirty days." (Pls.' Mot. 8:22-24, ECF No. 42.) However, Plaintiffs allege that "Plaintiffs and class members" were not compensated for overtime, meal periods, and rests periods, (Compl. ¶¶ 30, 32, 33, 53, 60), and seek recovery of those unpaid overtime wages. (Id. ¶¶ 56, 95.) These allegations of unpaid wages support Defendants' position that it is more likely than not that Plaintiffs' section 203 claim places in controversy 30-days of waiting time penalties for each of the 1,553 employees who separated from their employment between August 14, 2009 and September 4, 2012. See Marentes v. Key Energy Servs. California, Inc., 1:13-CV-02067-LJO-JLT, 2014 WL 814652, at *9 (E.D. Cal. Feb. 28, 2014) ("Because these wages are alleged to have not been paid, the full thirty-days may be used for each of the putative class members"); Altamirano v. Shaw Indus., Inc., C-13-0939 EMC, 2013 WL 2950600, at *12 (N.D. Cal. June 14, 2013) ("[A]s there is nothing in the complaint or the record to suggest that Defendants paid employees these unpaid wages at some point during the month after they separated from employment, awarding penalties for the entire 30 pay period is reasonable"); Wilson v. Best Buy Co., Inc., 2:10-CV-3136-GEB-KJN, 2011 WL 445848, at *2 (E.D. Cal. Feb. 8, 2011) (finding "Plaintiff's allegations" place in controversy a maximum waiting time penalty for each former employee where Plaintiff "allege[d] 'Defendants intentionally and willfully failed to pay Plaintiff and the other class members their wages ... within seventy-two (72) hours of ... [the employees] leaving Defendants' employ' and therefore, 'Plaintiff and the other class members are entitled to recover the statutory penalty for each

day they were not paid, at their regular hourly rate of pay, up to thirty (30) days maximum pursuant to California Labor Code section 203.'")

Therefore, Defendants have shown that it is more likely than not that the amount placed in controversy by Plaintiffs' section 203 claim exceeds $5 million.

### IV. CONCLUSION

For the stated reasons, Plaintiffs' remand motion is denied.

Dated: June 4, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge