UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDY BELL and MARTIN GAMA, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),<br><br>        Plaintiffs,<br><br>  v.<br><br>HOME DEPOT U.S.A., Inc., a Delaware corporation; JOHN BROOKS, an individual; and DOES 1 through 10, inclusive,<br><br>        Defendants. | No. 2:12-cv-02499-GEB-CKD<br><br>**ORDER DENYING PLANITIFFS' SEALING REQUEST** |

On September 25, 2015, Plaintiffs submitted for in camera consideration a Request to Seal Documents, declaration in support thereof, a proposed sealing order, and the 195 pages of documents sought to be sealed. The documents requested to be sealed are identified in a publicly filed Notice of Request to Seal Documents ("Notice") as follows: "Exhibits C through J to the Declaration of Raul Perez filed in support of Plaintiffs' Motion for Class Certification[] and an unredacted version of Plaintiffs' Memorandum of Points [and Authorities in support of Plaintiffs' Motion for Class Certification,] which makes specific reference to the content of the exhibits." (Notice 2:9-12, ECF

1

1  No. 64.) Plaintiffs state these documents "reference or pertain
2  to Defendant Home Depot U.S.A., Inc.'s ('Defendant' or 'Home
3  Depot') corporate policies, procedures and practices concerning
4  rest breaks, timekeeping and payroll policies, and opening and
5  closing security procedures[,]" and "have been designated [as
6  'Confidential'] by Defendant pursuant to the parties[']
7  Stipulated Protective Order Governing Discovery entered by the
8  Court on May 28, 2015." (Pls.' Req. to Seal 1:3-11.)

9  Plaintiffs seek to file the referenced documents under
10 seal, essentially arguing they are obligated to do so since "the[
11 referenced exhibits] were designated confidential by Home Depot."
12 (Id. at 1:19-20.) Plaintiffs state: "Defendant claims that the
13 evidence described above . . . [is] confidential, proprietary,
14 and or private information. Accordingly, there is good cause to
15 file the above-referenced materials under seal." However,
16 Plaintiffs state in their Request to Seal that they "do not take
17 a position as to the confidential nature of the[se]
18 documents . . . , and in fact believe that many of them should
19 not have been designated as such because they are readily
20 distributed and made available to thousands of Home Depot
21 employees." (Id. at 1:16-19.)

22 "Two standards generally govern [requests] to seal
23 documents like the one at issue here." Pintos v. Pac. Creditors
24 Ass'n, 605 F.3d 665, 677 (9th Cir. 2010). "[J]udicial records
25 attached to dispositive motions [are treated] differently from
26 records attached to non-dispositive motions." Kamakana v. City &
27 Cnty. of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006). "Those
28 who seek to maintain the secrecy of documents attached to

dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." Id. Whereas, "[a] 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." Id. "The Ninth Circuit has not yet addressed whether or not, or under what circumstances, a motion for class certification is a dispositive motion for purposes of deciding what standard applies on sealing motions, and . . . [district] courts in [the Ninth Circuit] have reached different conclusions." Herskowitz v. Apple, Inc., No. 12-cv-02131-LHK, 2014 WL 3920036, at *2 (N.D. Cal. Aug. 7, 2014) (internal quotation marks, citation, and brackets omitted).

Here, Plaintiffs have neither shown which sealing standard applies to their sealing request, nor demonstrated that the applicable standard has been met. Even under the lesser "good cause" standard, "'the party seeking protection bears the burden of showing specific prejudice or harm will result' if the request to seal is denied." Ross v. Bar None Enterprises, No. 2:13-cv-00234-KJM-KJN, 2014 WL 2700901, at *2 (E.D. Cal. June 13, 2014) (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210–11 (9th Cir. 2002)); see also Herskowitz, 2014 WL 3920036, at *2 ("Even under the 'good cause' standard . . . , a party must make a 'particularized showing' with respect to any individual document in order to justify sealing the relevant document." (quoting Kamakana, 447 F.3d at 1180))). "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning' are insufficient." Ross, 2014 WL 2700901, at *2 (quoting Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992)). "[A]ny interest

justifying closure must be specified with particularity, and there must be [a showing] that the [requested sealing] is narrowly confined to protect that interest." Perry v. City & Cnty. of S.F., No. 10-16696, 2011 WL 2419868, at *21 (9th Cir. 2011) (internal quotation marks, citation, and emphasis omitted).

For the stated reasons, Plaintiffs' sealing request is DENIED. Further, since Local Rule 141(e)(1) prescribes that if a sealing "[r]equest is denied in full or in part, the Clerk will return to the submitting party the documents for which sealing has been denied," the documents emailed to chambers for in camera consideration are treated as having been returned to the moving parties. See United States v. Baez-Alcaino, 718 F. Supp. 1503, 1507 (M.D. Fla. 1989) (indicating that when a judge denies a sealing request, the party submitting the request then decides how to proceed in light of the ruling).

Dated:  September 29, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge