UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDY BELL and MARTIN GAMA, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),<br><br>    Plaintiffs,<br><br>    v.<br><br>HOME DEPOT U.S.A., Inc., a Delaware corporation; JOHN BROOKS, an individual; and DOES I through 10, inclusive,<br><br>    Defendants. | No. 2:12-cv-02499-GEB-CKD<br><br>**ORDER GRANTING HOME DEPOT'S SEALING REQUEST** |

On October 12, 2015, Defendant Home Depot U.S.A., Inc. ("Home Depot") submitted for in camera consideration a Notice of Request and Request to Seal Confidential Documents Filed in Support of Plaintiffs' Motion for Class Certification ("Sealing Request"), declaration in support thereof, a proposed sealing order, and the documents sought to be sealed. Home Depot filed each of the referenced documents on the public docket, with the

1

exception of the documents sought to be sealed. (See ECF No. 68.)

The documents requested to be sealed are identified as "Home Depot's Security [Standard Operating Procedures ("SOPs")], attached as exhibit I to the declaration of Raul Perez in support of [P]laintiffs' motion for class certification." (Sealing Req. 1:4-6, ECF No. 68.) Home Depot argues:

> Good cause and compelling reasons exist to seal the Security SOP[s] because . . .
>
> . . . .
>
> . . . [t]he SOP[s] contains security protocols for opening and closing Home Depot stores, including when doors are unlocked, when alarms are deactivated, and where employees are positioned during this process. If made public, it could easily be used to breach [Home Depot's] security policies, placing [Home Depot's] employees and facilities at risk. Further, the public simply does not need access to the Security SOP[s] to understand the issues in this lawsuit and indeed, any such access could irreparably harm Home Depot and its store employees.

(Id. at 1:7-11, 2:2-10.) Home Depot further contends:

> [The SOPs] are not germane to [P]laintiffs' class motion which alleges that employees were required to work off-the-clock before and after their shifts, not paid the appropriate regular rate and premiums for alleged missed meal periods and rest breaks, allegedly not provided proper rest breaks, and not provided overtime compensation for certain overnight shifts. With the possible exception of the off-the-clock claim, these remaining claims . . . will not require any reference to the Security SOP. The off-the-clock claim alleges that store employees were required to engage in certain security procedures. However, specific details regarding defendant's security procedures, such as where cash is stored, when alarms are deactivated, and which doors are locked, are tangential to this issue at best.

(Id. at 5:13-24 (citation omitted).)

2

**DISCUSSION**

"Two standards generally govern [requests] to seal documents like the one at issue here." Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677 (9th Cir. 2010). "[J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006) "[T]he resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." Kamakana, 447 F.3d at 1179 (quoting Valley Broadcasting Co. v. U.S. Dist. Ct., 798 F.2d 1289, 1294 (9th Cir. 1986)). "Accordingly, a party seeking to seal a judicial record attached to a dispositive motion or one that is presented at trial must articulate 'compelling reasons' in favor of sealing." Williams v. U.S. Bank Nat'l Ass'n, 290 F.R.D. 600, 604 (E.D. Cal. 2013) (citing Kamakana, 447 F.3d at 1178). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Kamakana, 447 F.3d at 1179 (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978)).

In contrast, "[t]he Ninth Circuit has determined that the public's interest in non-dispositive motions is relatively lower than its interest in trial or a dispositive motion. Accordingly, a party seeking to seal a document attached to a

3

non-dispositive motion need only demonstrate 'good cause' to justify sealing." Williams, 290 F.R.D. at 604 (citing Pintos, 605 F.3d at 678).

"The Ninth Circuit has not yet addressed whether or not, or under what circumstances, a motion for class certification is a dispositive motion for purposes of deciding what standard applies on sealing motions, and . . . [district] courts in [the Ninth Circuit] have reached different conclusions." Herskowitz v. Apple, Inc., No. 12-CV-02131-LHK, 2014 WL 3920036, at *2 (N.D. Cal. Aug. 7, 2014) (internal quotation marks, citation, and brackets omitted). Home Depot contends the good cause standard applies to its sealing request, although it argues: "[e]ven if the Court were to apply the more demanding 'compelling reasons' standard, that standard would still be met in this instance." (Sealing Req. 4:24-25.)

The Court need not decide which standard applies to the instant request since Home Depot has shown "compelling reasons" to seal the referenced documents. Here, the Security SOPs sought to be sealed contain Home Depot's security protocols in opening and closing its stores, the disclosure of which could threaten its stores' security and its employees' safety. Cf. In re Google Inc. Gmail Litigation, No. 13-MD-02430-LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding compelling reasons existed to seal "information that if made public . . . could lead to a breach in the security of [Google's] Gmail system").

Therefore, Home Depot's sealing request is GRANTED. Home Depot shall provide to the Clerk an electronic copy of the documents to be filed under seal as prescribed in Local Rule

4

141(e)(2)(i) within seven (7) days from the date this order is filed.

Dated:  October 14, 2015

GARLAND E. BURRELL, JR.
Senior United States District Judge