Raul Perez (SBN 174687)
Raul.Perez@capstonelawyers.com
Melissa Grant (SBN 205633)
Melissa.Grant@capstonelawyers.com
Arnab Banerjee (SBN 252618)
Arnab.Banerjee@capstonelawyers.com
Suzy E. Lee (SBN 271120)
Suzy.Lee@capstonelawyers.com
CAPSTONE LAW APC
1840 Century Park East, Suite 450
Los Angeles, California 90067
Telephone:  (310) 556-4811
Facsimile:  (310) 943-0396

Attorneys for Plaintiffs Sandy Bell
And Martin Gama

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| SANDY BELL and MARTIN GAMA, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),<br><br>Plaintiffs,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation; JOHN BROOKS, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:12-cv-02499-JAM-CKD<br><br>[Assigned for All Purposes to Hon. John A. Mendez]<br><br>CLASS ACTION COMPLAINT AND ENFORCEMENT ACTION UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698 ET SEQ.<br><br>[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR CLASS CERTIFICATION |

# ORDER

Plaintiffs Sandy Bell and Martin Gama's (collectively "Plaintiffs") Motion for Class Certification ("Motion") came on for hearing on April 5, 2016 and April 20, 2016, in Courtroom 10 of the United States District Court for the Eastern District of California, located at the Robert T. Matsui Courthouse, 501 I Street, Sacramento, California 95814, the Honorable John A. Mendez presiding.

After considering the papers and evidence in support of and in opposition to the Motion, as well as oral argument, and pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for **GOOD CAUSE SHOWN**, it is hereby ordered that Plaintiffs' Motion is **GRANTED** as to the following class:

> **Class:** All persons who worked for Defendant Home Depot U.S.A., Inc. in California as a non-exempt, hourly paid supervisor at any time from August 14, 2009 until the date of this order who worked at least one overnight shift that crossed midnight of more than eight hours, and who, as a result, was not paid overtime for the hours worked over eight hours during such overnight shift.

Plaintiffs' Motion is **DENIED** as to the following subclasses:

> **Regular Rate Subclass:** All persons who worked for Defendant Home Depot U.S.A., Inc. in California as a non-exempt, hourly paid supervisor at any time from August 14, 2009 until the date of the order granting class certification, who were paid (1) overtime pay; or (2) a meal period premium; or (3) or a rest period premium, and a "Success Share" bonus in the same six month period.

> **Premium Subclass:** All persons who worked for Defendant Home Depot U.S.A., Inc. in California as a non-exempt, hourly paid supervisor at any time from August 14, 2009 until the date of this order, and were paid a meal period or rest break premium during the same workweek he or she earned a non-discretionary bonus.

> ***Brinker* Rest Break Policy Subclass:** All persons who worked for Defendant Home Depot U.S.A., Inc. in California as a non-exempt, hourly paid supervisor at any time from August 14, 2009 through May, 2012 and who worked at least one shift between 3.5 and 3.99 hours, more than six and less than eight hours, or more than ten and less than twelve hours.

> ***Rest* Break Subclass:** All persons who worked for Defendant Home Depot U.S.A., Inc. in California as a non-exempt, hourly paid supervisor in California at any time

from August 14, 2009 until the date of this order and who worked at least one shift of 3.5 hours or more.

**Off-The-Clock Subclass:** All persons who worked for Defendant Home Depot U.S.A., Inc. in California as a non-exempt, hourly paid supervisor at any time from August 14, 2009 until the date of this order granting class certification who worked at least one opening and/or closing shift.

## FINDINGS OF FACT AND LAW

The Court decided to grant the Motion in part and certifies the **Class** based on the following findings of fact and law:

A. **Ascertainability:** The members of the proposed Class are easily identifiable and the class definition is clear and objective, such that the Court may readily ascertain if an individual is a member of the Class.

B. **Numerosity:** The proposed Class is sufficiently numerous that joinder would be impracticable.

C. **Typicality:** Plaintiffs' claims are typical of the claims of the Class they seek to represent.

D. **Adequacy:** Plaintiffs have no conflicts of interest with the members of the Class and have demonstrated a dedication to advancing the Class members' interests as fiduciaries. And Capstone Law APC has satisfied the adequacy-as-counsel requirement.

E. **Commonality and Predominance:** Questions of law or fact common to the members of the proposed Class predominate over any questions affecting only individual class members.

F. **Superiority:** Class treatment is superior because the claims that will be adjudicated in this class action would not otherwise be resolved, as the potential recovery per Class member will invariably be far less than the fixed costs of litigating an individual action.

The reasons the Court decided to grant the Motion in part and deny the Motion in part are set forth in the transcripts of the April 5, 2016 hearing on the Plaintiffs' Motion for Class Certification and the April 20, 2016 further hearing on the Plaintiffs'

Motion for Class Certification, which are attached hereto as Exhibits A and B, respectively, and incorporated herein in full by reference.

## CERTIFICATION ORDER

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and on the basis of the foregoing findings of fact and law, it is hereby **ORDERED** that:

1. The Court hereby certifies the Class pursuant to Federal Rule of Civil Procedure 23 with respect to Plaintiffs' Overnight Overtime Theory of Recovery, which alleges that Home Depot has maintained an illegal class-wide policy and practice of dividing the hours worked by overnight employees into two "workdays" to avoid overtime payments to members of the Class in violation of California Labor Code sections 500, 510(a), and 1194, and has therefore derivatively failed to pay all wages due upon separation in violation of California Labor Code sections 201 and 202, which constitutes an unlawful and unfair business practice in violation of the California Business & Professions Code sections 17200, *et seq*.

2. Plaintiffs Sandy Bell and Martin Gama are appointed as the representatives of the Class.

3. Capstone Law APC is appointed as Class Counsel.

4. Defendant shall produce within thirty (30) calendar days of the entry of this Order an updated class list in a Microsoft Excel-readable and searchable spreadsheet to Class Counsel.

5. The Parties shall meet and confer as to the content of class notice, and within 14 calendar days of this Order's entry lodge with the Court a proposed class notice and any necessary complementary documents. If the parties are unable to agree to the content of a class notice, within 20 days of this Order's entry, each party is directed to submit a competing version of the class notice and a brief not exceeding three pages advocating for the submitted version of the class notice.

6. Within 40 days of this Order, the Court shall approve the notice to be sent to Class Members.

7. The notice to Class Members shall be sent by first-class mail, with return postage prepaid, at Defendant's expense, within 55 days of this Order.

8. Neither Defendant nor their agents shall contact class members concerning the subject matter of this certified class action. Nor shall Defendant or their agents communicate with Class Members, as represented parties, concerning the content of the class notice. This prohibition includes, but is not limited to, any attempt to influence one or more class member's decision to opt in or opt out of participating in this class action, to respond or not to respond to the class notice, or to contact Class Counsel concerning this case.

**IT IS SO ORDERED.**

Dated: 5·27·2016

Hon. John A. Mendez
United States District Judge,
Eastern District of California