```
1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT
8                    EASTERN DISTRICT OF CALIFORNIA
9
```

| | |
|---|---|
| SANDY BELL and MARTIN GAMA, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),<br><br>Plaintiffs,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation; JOHN BROOKS, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | No.  2:12-cv-02499 JAM-CKD<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION** |
| MICHAEL HENRY, on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>Defendants. | |

Plaintiffs Sandy Bell and Martin Gama ("Plaintiffs") move

1

this Court to reconsider its June 7, 2016 Order Granting in Part and Denying in Part Home Depot's ("Defendant") Motion for Partial Summary Judgment. For the reasons set forth below, Plaintiffs' motion is denied.[1]

## I. PROCEDURAL BACKGROUND

Plaintiffs filed this class action in July 2012 in Sacramento Superior Court and Defendants removed the case to federal court on October 4, 2012. ECF No. 2. Three years later, Defendant moved for partial summary judgment. ECF No. 72. The Court granted the motion as to Plaintiffs' claims that (1) Home Depot violated California law by requiring employees to remain on premises during rest breaks; (2) Home Depot violated California law by failing to include "Success Sharing" bonuses in the calculation of meal period and rest break premiums; and (3) Home Depot underpaid overtime by failing to include "Success Sharing" bonuses in calculating the "regular rate of pay." ECF No. 113. Now Plaintiffs ask the Court to reconsider its decision with respect to the on-premises rest breaks and calculation of meal and rest break premiums. Motion for Reconsideration ("Mot.") at 1. Plaintiffs argue that the California Supreme Court's decision in Augustus v. ABM Security Servs., Inc., 2 Cal.5th 257 (2016), is an intervening change in controlling California law on these issues.

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for March 7, 2017.

II.  OPINION

A.  <u>Legal Standard</u>

The law of the case doctrine counsels against reopening questions already resolved in ongoing litigation. <u>Am. States Ins. Co. v. Ins. Co. of Penn.</u>, No. 2:12-cv-01489-MCE-AC, 2017 WL 1174726 (E.D. Cal. Mar. 28, 2017). Despite this general principle, a Court order that adjudicates fewer than all of the claims between the parties is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b); <u>see</u> E.D. Cal. L.R. 78-230(j). The Court has inherent jurisdiction to modify, alter, or revoke such an order. <u>Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. Cal.</u>, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009) (citing <u>United States v. Martin</u>, 226 F.3d 1042, 1048-49 (9th Cir. 2000)). Reconsideration is warranted "where there has been an intervening change in controlling law, new evidence has become available, or it is necessary to correct clear error or prevent manifest injustice." <u>Id.</u> (citing <u>Sch. Dist. No. 1J Multomah Cnty, Or. v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993)); <u>cf.</u> <u>Painting Indus. of Haw. Mkt. Recovery Fund v. U.S. Dep't of Air Force</u>, 756 F. Supp. 452 (D. Haw. 1990) ("[A] decision by a district court in the District of Columbia is not controlling law for a district court in the Ninth Circuit."). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." <u>Knight v. Rios</u>, No. 1:09-cv-00823-AWI-JLT HC, 2010 WL 5200906 at *2 (E.D. Cal. Dec. 15, 2010). Denial of a motion for reconsideration is reviewed for abuse of

discretion. Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000).

B. On-premises Rest Periods

In June of last year, the Court granted summary judgment to Defendant, concluding that a policy requiring employees to remain on the premises during their rest breaks does not violate the applicable California wage order and statute. ECF No. 113 at 17. Plaintiffs argue that the California Supreme Court's decision in Augustus—issued in December 2016—entitles Plaintiffs to reconsideration.

Augustus involved a putative class action filed on behalf of security guards working for ABM Security Services, Inc. (ABM). 2 Cal.5th at 261. Jennifer Augustus alleged that ABM failed "to consistently provide uninterrupted rest periods" as required in California. Id. ABM admitted that it did not relieve guards of all duties during rest periods; it required guards to keep their radios and pagers on, remain vigilant, and respond when needs arose. Id. The California Supreme Court held that California law requires employers to provide their employees with rest periods that are free from duties or employer control over how employees spend their break time. Id. at 260. It concluded that on-duty and on-call rest periods are prohibited. Id.

Plaintiffs argue that the Augustus holding and the court's parallel treatment of rest and meal periods compel reconsideration of the on-premises break policy. Mot. at 8-10 (citing Augustus, 2 Cal. 5th at 264-68). Defendant argues that the Augustus decision instead implies that restricting employees to the premises, without additional duties or constraints, does

not violate the rule. Opp. at 2-3 (citing Augustus, 2 Cal.5th at 270).

The Court declines to alter its ruling in light of Augustus. The facts in Augustus and the present matter are distinct, as the present case does not concern "on-call" rest periods or rest periods in which employees are strapped with affirmative duties. The Augustus court did not directly consider an on-premises rest break policy which does not require employees to remain on call such as the one at issue here. While the Court finds Defendants' reading of Augustus more persuasive and accurate than Plaintiffs, it does not specifically adopt Defendant's interpretation that Augustus affirmatively condones on-premises rest breaks. Rather, the Court finds that the holding in Augustus does not go as far as Plaintiffs contend and therefore does not merit alteration of this Court's judgment.

   C.   Meal and Rest Break Premiums

The Court granted summary judgment in favor of Defendant on Plaintiffs' meal and rest break premiums claim, concluding that these premiums are to be based on the base hourly rate. ECF No. 140 at 33-34. Plaintiffs argue that because the Augustus court reversed the Court of Appeal and reinstated the trial court's summary judgment in favor of the plaintiffs, the California Supreme Court impliedly approved of the trial court's damages calculation. Rep. at 5. The parties dispute whether or not the trial court's calculation was based on the straight hourly rate or regular rate of pay, with Plaintiffs preferring the latter. See Opp. at 5; Rep. at 5.

As Plaintiffs admit, the Augustus court did not expressly

address the damages calculation.  There is no discussion anywhere in the decision that considers the appropriate measurement for meal and rest break premiums.  For this reason, the Court declines to reconsider its grant of summary judgment on this issue.

### III.  ORDER

For the reasons set forth above, the Court DENIES Plaintiffs' Motion for Reconsideration.

IT IS SO ORDERED.

Dated: April 10, 2017

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE