UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDY BELL and MARTIN GAMA, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),<br><br>              Plaintiffs,<br><br>   v.<br><br>HOME DEPOT U.S.A., a Delaware corporation, et al.,<br><br>             Defendants.<br>MICHAEL HENRY, on behalf of himself, all others similarly situated, and the general public,<br><br>             Plaintiff,<br><br>   v.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>             Defendants. | Case No. 2:12-CV-02499 JAM-CKD<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

This matter is back before the Court on Home Depot U.S.A., Inc., and John Brooks' ("Home Depot") motion for partial summary

judgment on Plaintiffs' derivative claims for penalties under California Labor Code sections 203 and 226.[1]  For the reasons set forth below, Home Depot's motion for partial summary judgment is granted.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Home Depot previously sought, and obtained, summary adjudication on several of Plaintiffs' claims in this action.  Mot. for Partial Summ. J., ECF No. 72; Order re Summ. J., ECF No. 113.  However, the Court denied the motion for summary judgment on Plaintiffs' claim that Home Depot failed to pay all required overtime to employees who worked shifts over eight hours that spanned two workdays.  Order re Summ. J.  The Court subsequently granted class certification for "[a]ll persons who worked for Defendant Home Depot U.S.A., Inc. in California as a non-exempt, hourly paid supervisor at any time from August 14, 2009 until the date of [the class certification] order who worked at least one overnight shift that crossed midnight of more than eight hours, and who, as a result, was not paid overtime for the hours worked over eight hours during such overnight shift."  Order re Class Certification, ECF No. 110.  The Court also certified most of the derivative claims under the UCL and California Labor Code, to which Home Depot had not objected.  The Court denied certification of Plaintiffs' derivative claim under section 226(e).  Transcript re Class Certification, ECF No. 105, at 57–58.

On September 12, 2016, the Court consolidated <u>Henry v. Home</u>

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for July 25, 2017.

Depot U.S.A., Inc., No. 2:16-cv-02102-MCE-AC ("Henry")—which had been transferred to the Eastern District from the Northern District of California—with this action, Bell v. Home Depot U.S.A., Inc., No. 2:12-cv-02499-JAM-CKD.

Home Depot now seeks summary adjudication on Plaintiffs' derivative claims for penalties under sections 203 and 226 of the California Labor Code.[2]

## II.   OPINION

### A.   Underlying Claim

It is undisputed that Home Depot defines its workday as the calendar day beginning at 12:00AM and ending at 11:59PM. Plaintiffs claim that Home Depot's failure to pay class members overtime wages for overnight shifts that exceeded eight hours violates section 510's daily overtime rules.

In denying Home Depot's motion for summary judgment on the midnight overtime claim, the Court adopted the Henry court's reasons for denying summary judgment on the same issue. See Order re Summ. J., Exh. A at 19 & 28–29; Def. Exh. E, "Order Denying Defendant's Motion for Partial Summary Judgment" in Henry ("Henry SJ Order"), ECF No. 147-5.  The Henry court summarized the law as follows:

> The California Labor Code affords an employer significant flexibility in the designation of a workweek and workday.  However, the employer's designation must not be designed to evade paying overtime.  An employer may not engage in subterfuge or artifice designed to evade the overtime laws.

---

[2] All further section references are to the California Labor Code unless otherwise indicated.

3

1 Henry SJ Order at 3 (citing Cummings v. Starbucks Corp., No. cv 12-
2 06345-MWF FFMX, 2013 WL 2096435, at *4 (C.D. Cal. May 14, 2013);
3 Seymore v. Metson Marine, Inc., 194 Cal. App 4th 361, 370 (2011);
4 Jakosalem v. Air Serv Corp., No. 13-cv-05944-SI, 2014 WL 7146672,
5 at *4 (N.D. Cal. Dec. 15, 2014); Huntington Mem'l Hosp. v. Super.
6 Ct., 131 Cal. App. 4th 893, 910 (2005)) (quotation marks omitted).
7 It then adopted and applied the Jakosalem court's holding that
8 although employers are not "required in all instances to define
9 each employee's workday to begin with that employee's shift," an
10 employer may not implement a workday "designed primarily to evade
11 overtime compensation." Id. (citing Jakosalem, 2014 WL 7146672).
12 In deciding Home Depot's initial motion for summary judgment, this
13 Court followed Henry and held it could "not conclude as a matter of
14 law that [Home Depot's] workday designation was not designed to
15 evade overtime law since there [were] disputed issues of material
16 fact, and the evidence before the Court [gave] rise to competing
17 inferences." Order re Summ. J., Exh. A at 29. The overtime claim
18 and derivative claims thus remain in dispute.

19     B.    Applicable Law

20     Home Depot argues that a good faith dispute with respect to
21 the overtime claim precludes imposition of penalties under section
22 203 and 226(e).

23     Section 203 imposes penalties on an employer that willfully
24 fails to pay an employee wages due at the time the employee quits
25 or is discharged. "A willful failure . . . occurs when an employer
26 intentionally fails to pay wages to an employee when those wages
27 are due." Cal. Code Reg. tit.8, § 13520. "However, a good faith
28 dispute that any wages are due will preclude imposition of waiting

4

time penalties under Section 203." Id.

> A "good faith dispute" that any wages are due occurs when an employer presents a defense, based in law or fact which, if successful, would preclude any recover[y] on the part of the employee. The fact that a defense is ultimately unsuccessful will not preclude a finding that a good faith dispute did exist. Defenses presented which, under all the circumstances, are unsupported by any evidence, are unreasonable, or are presented in bad faith, will preclude a finding of a "good faith dispute."

Id. Similarly, Section 226(e) imposes penalties when an employee suffers injury due to the "knowing and intentional failure" of an employer to provide accurate wage statements. Courts have extended the "good faith dispute" rule to Section 226, "even though Section 226 contains a 'knowing and intentional' standard rather than the 'willfully' standard of Section 203." Woods v. Vector Mktg. Corp., No. C-14-0264 EMC, 2015 WL 2453202, at *3 (N.D. Cal. May 22, 2015). Thus, penalties under either section are precluded if there is a good faith dispute over whether wages are due.

### C. Good Faith Dispute

The Court finds there is a good faith dispute warranting summary judgment on the section 203 and 226 derivative claims. The factual disputes and proffered evidence regarding the overtime claim are sufficient for determining the instant motion. However, the Court does not express an opinion on Home Depot's asserted legal defenses to the underlying claim and this Order should not be read as such.

The Court denied summary judgment on the midnight overtime claim because triable issues of fact remained for a jury to determine. The evidence now before the Court supports the conclusion that Home Depot, at minimum, has a good faith factual

defense to the overtime wages claim.  In contrast, Plaintiffs have failed to show that this defense is unsupported, unreasonable, or presented in bad faith.

Although Home Depot has not submitted direct evidence of a *bona fide* business purpose for its initial workday designation, Home Depot has presented circumstantial evidence tending to show the company did not design the workday for the purpose of evading overtime wages.  Home Depot's declarant, Christina Barnaby, Director of Human Resources, attests that Home Depot established its workday in the 1980s, that this designation has never changed, that this designation has always applied on a company-wide basis, that the first California store opened in 1985, and that Home Depot had never, prior to this litigation, analyzed the impact that its workday definition has on the overtime the company saved or paid.  Barnaby Decl., ECF No. 146-1; see also Barnaby Depo. III at 18:5-7, 19:16-19 ("A: [The workday] was established when we were the company opened its first store doors, which was prior to 1981. . . . Q: When did Home Depot first have stores in a state that paid overtime on a daily basis? A: When we opened stores in California."); Jakosalem, 2014 WL 7146672, at *6 ("FLSA has no provision requiring daily overtime pay.").  This history of company-wide practice is relevant because it shows Home Depot defined the workday before it was subject to daily overtime laws in California and maintains the same workday in places that do not regulate daily overtime.  The fact that Home Depot had not analyzed the impact of the workday definition on overtime savings or payments further indicates a lack of purposeful design.  Additionally, Home Depot's workday lines up with the default

6

workday in the California DLSE Manual (§ 48.1.3.1), which also suggests neutrality.  These facts constitute substantial evidence in support of Home Depot's defense that the company did not define the workday for the purpose of evading its daily overtime obligations.

Plaintiffs have not shown that Home Depot's defense is unsupported, unreasonable, or presented in bad faith.  See Cal. Code Reg. tit.8, § 13520; Woods, 2015 WL 2453202, at *4 ("Here, this Court has already found that the classification issue raises genuine disputes of material fact.  In turn, Plaintiffs have pointed to no cognizable evidence that raises a genuine material dispute of fact regarding whether Vector's defenses are unsupported by any evidence, unreasonable, or presented in bad faith so as to preclude a finding of a good faith dispute.") (citations and quotation marks omitted).  Plaintiffs' objections to Home Depot's evidence are also insufficient to defeat summary judgment.

On a motion for summary judgment, the Court looks to the facts contained in the cited evidence, not the form of that evidence. Norse v. City of Santa Cruz, 629 F.3d 966, 973 (9th Cir. 2010).  If the content would be admissible at trial, the Court may consider it for the summary judgment motion.  Fraser v. Goodale, 342 F.3d 1032, 1036-37 (9th Cir. 2003).

Plaintiffs' objections to Ms. Barnaby's Declaration based on hearsay and lack personal knowledge do not preclude the Court's consideration of her statements.  See Pls.' Objections to Barnaby Decl., ECF No. 153-3.  Home Depot's declarant, Ms. Barnaby, is the Director of Human Resources Operations and her declaration "is based on her personal knowledge and/or review of pertinent Home

Depot documents and records." See Barnaby Decl. ¶ 1. Although her statements concerning the history of the company's workday definition are based, in part, on hearsay, they are also based on her personal knowledge of company policies and practices. See Barnaby Depo. III at 16:21–18:7, 40:1–22; Def. Rep. to Pls.' Resp. to Statement of Undisputed Facts, ECF No. 156-2. Additionally, if she cannot testify to those facts at trial, the facts still appear to be subject to other forms of proof—i.e. testimony from her predecessors—that would be admissible. The Court otherwise finds, contrary to Plaintiffs' assertions, Ms. Barnaby's declaration is consistent with the deposition testimony Plaintiffs submitted. See Pls.' Objections to Barnaby Decl; Barnaby Depo. III. The facts attested to are thus proper grounds for granting summary judgment.

In sum, although a jury presented with the totality of the evidence may still find Home Depot liable on the overtime claim—hence, the reason the Court denied summary judgment—Home Depot has presented a good faith defense to such liability. Summary judgment on the section 203 and 226 penalties claims is thus appropriate.

## III.   ORDER

For the reasons set forth above, the Court GRANTS Home Depot's Motion for Summary Judgment.

IT IS SO ORDERED.

Dated:   September 7, 2017

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE