UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDY BELL and MARTIN GAMA, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),<br><br>Plaintiffs,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation; JOHN BROOKS, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 2:12-cv-02499 JAM-CKD<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION; CLARIFYING PRIOR SUMMARY JUDGMENT ORDER** |
| MICHAEL HENRY, on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>Defendants. | |

///

1

Plaintiffs Sandy Bell and Martin Gama ("Plaintiffs") move this Court to reconsider its September 7, 2017 Order Granting Home Depot's Motion for Partial Summary Judgment. Because the parties misread the breadth of that Order, Plaintiffs' motion is denied.[1]

## I. PROCEDURAL BACKGROUND

Earlier this year, Home Depot moved for partial summary judgment on Plaintiffs' derivative claims for statutory penalties under section 203 and 226.[2] Mot. Part. Summ. J., ECF No. 146. The Court granted the motion, finding there is a good faith dispute with respect to the underlying overtime claim that precludes the imposition of penalties under section 203 and 226(e). Order Granting Mot. Part. Summ. J., ECF No. 158. Now Plaintiffs ask the Court to reconsider this ruling insofar as it extends to their claim for civil penalties under the Private Attorneys General Act ("PAGA") for violations of section 226(a). Plaintiffs argue that the California Court of Appeals' decision in <u>Lopez v. Friant & Associates, LLC</u>, No. A 148849, 2017 WL 4251126 (Cal. Ct. App., Sep. 27, 2017) is an intervening change in controlling California law that warrants reconsideration of the Court's prior order.

///
///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for December 5, 2017.
[2] All references to section 203 and section 226 are to those sections of the California Labor Code.

2

II.  OPINION

A court order that adjudicates fewer than all of the claims between the parties is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."  Fed. R. Civ. P. 54(b); see E.D. Cal. L.R. 78-230(j).  The Court has inherent jurisdiction to modify, alter, or revoke such an order.  Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. Cal., 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009) (citing United States v. Martin, 226 F.3d 1042, 1048-49 (9th Cir. 2000)).  Reconsideration is warranted "where there has been an intervening change in controlling law, new evidence has become available, or it is necessary to correct clear error or prevent manifest injustice."  Id. (citing Sch. Dist. No. 1J Multnomah Cnty, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)).

Home Depot moved for partial summary judgment on "Plaintiffs' claim for penalties pursuant to Labor Code section 226 . . . because Home Depot did not knowingly and intentionally fail to provide proper wage statements."  Notice, Mot. Part. Summ. J.; see also Mot. Part. Summ. J. at 1.  Home Depot argued, *inter alia*, that a "good faith dispute" on the underlying claim "precludes penalties under section 226."  Mot. Part. Summ. J. at 1; see also Mot. Part. Summ. J. at 4 ("Similarly, section 226 provides for penalties only when a plaintiff can established a 'knowing and intentional' failure to provide accurate wage statements. See Cal. Lab. Code § 226(e).").  The Court granted the motion on this basis.

The Court denies Plaintiffs' motion for reconsideration

3

because Plaintiffs ask the Court to reconsider an issue that was not decided in the Court's prior Order. Both parties apparently read the Court's Order to dispose of Plaintiffs' claim for PAGA penalties based on violation of section 226(a). See Mot. for Reconsideration at 1 ("This Court's order granting partial summary judgment in this action made no distinction between section 226(a) and section 226(e); the Court dismissed all section 226 claims based on its finding of a lack of knowing and intentional acts by Home Depot."); Opp'n at 1, n. 1 ("Plaintiffs do not seek reconsideration of the Court's decision as to the section 226(e) or 203 penalty claim."). However, the Court only analyzed the statutory penalties available under section 226(e). See Order Granting Mot. Part. Summ. J. at 4-5. Home Depot's motion for partial summary judgment did not mention, address, or argue for summary judgment on Plaintiffs' claim for PAGA civil penalties, nor did Plaintiffs' opposition. While the Court's Order referred to "section 226 penalties" generally, the only section 226 penalties at issue were the statutory penalties provided under section 226(e) and those penalties—along with penalties under section 203—were the object of the Court's Order. The Order did not distinguish between section 226(e) penalties and PAGA penalties based on section 226(a) because the question of PAGA penalties was not before the Court.

To the extent the Court's Order was ambiguous, the Court now clarifies that it granted summary judgment on Plaintiffs' derivative claim for penalties under section 226(e) because there is a good faith dispute on the underlying overtime claim. The Court's Order should not be read to grant summary judgment on

Plaintiffs' claim for PAGA penalties based on violation of section 226(a).

### III.  ORDER

For the reasons set forth above, the Court DENIES Plaintiffs' Motion for Reconsideration.

IT IS SO ORDERED.

Dated: December 11, 2017

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE