# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDY BELL, MARTIN GAMA, and MICHAEL GAMA, individually, and on behalf of others similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),<br><br>Plaintiffs,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation; JOHN BROOKS, an individual; and DOES 1-10 inclusive,<br><br>Defendants. | No. 2:12-cv-02499-JAM-CKD<br><br>**ORDER DENYING DEFENDANTS' SUCCESSIVE MOTION FOR SUMMARY JUDGMENT** |

Sandy Bell, Martin Gama, and Michael Henry ("Plaintiffs") allege Defendants—Home Depot, U.S.A. and John Brooks, the regional manager for the Home Depot stores where Plaintiffs worked—violated California law by designing Home Depot's workday to evade overtime obligations. Since this case began, Defendants have filed four motions for summary judgment. Plaintiffs argue the Court should not adjudicate Defendants' most-recent motion because it raises arguments that either have

1

already been adjudicated or are legally baseless. The Court agrees. For the reasons discussed below, the Court denies Defendants' successive motion for summary judgment.[1]

I. BACKGROUND

In 2012, Sandy Bell and Martin Gama brought a wage-and-hour class action in state court, alleging Defendants violated several provisions of the California Labor Code. Compl., ECF No. 2-3. Defendants removed the suit this Court, where it was ultimately consolidated with Henry v. Home Depot, U.S.A., a case transferred from the Northern District of California. See ECF No. 136.

Over the past six years, Defendants have filed four motions for summary judgment. In September 2015, before Bell and Henry's cases were consolidated, Defendants filed a motion for summary judgment in Henry's case. See, Henry v. Home Depot, U.S.A., No. 3:14-cv-04858-JST at ECF No. 29. Henry filed suit in the Northern District of California, alleging Defendants designed Home Depot's workday to avoid overtime obligations. Id. at ECF No. 1-2. Judge Tigar denied Defendants' motion for summary judgment on this claim, finding they failed to show, as a matter of law, that Home Depot's workday was not designed to evade overtime compensation. Henry v. Home Depot, U.S.A., No. 14-cv-04858-JST, 2016 WL 39719, at *4 (N.D. Cal. Jan. 4, 2016).

The next month, Defendants filed a motion for summary judgment in Bell's case. ECF No. 72. This Court granted

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for November 5, 2019.

Defendants' motion in all but one respect. Largely adopting the reasoning set forth in Judge Tigar's decision, this Court denied Defendants' motion on Plaintiffs' claim that Home Depot's workday was designed to evade overtime compensation. See Transcript for February 23, 2016 Hearing at 28:7-24, ECF No. 98.

After the Court consolidated Bell and Henry's cases, Defendants filed a motion for summary adjudication on Plaintiffs' Section 203 and 226 claims. May 2017 Mot. for Summ. J., ECF No. 146. Section 203 and 226 levy penalties against employers who "willfully" fail to pay final wages (section 203) or "knowingly and intentionally" fail to provide proper wage statements (section 226). This Court granted Defendants' motion for summary adjudication in full. ECF No. 158.

Following this series of motions, Plaintiffs' only remaining claim is that Defendants designed the Home Depot workday to evade overtime obligations. The current motion for summary judgment, ECF No. 173, maintains Defendants are entitled to judgment on that claim.

## II. OPINION

### A. Legal Standard

Federal Rule of Civil Procedure 56 does not limit the number of motions for summary judgment a party may file. Hoffman v. Tonnemacher, 593 F.3d 908, 911 (9th Cir. 2010). Indeed allowing a party to file a successive motion for summary judgment is sometimes "logical[] and [] fosters the just, speedy, and inexpensive resolution of suits." Id. at 911 (citing Fed. R. Civ. Proc. 1). This is particularly true when

a successive motion is based on an "expanded factual record."
Id. Even so, courts must be "conscious of the potential for
abuse of the procedure." Id. For this reason, "district courts
retain discretion to weed out frivolous or simply repetitive
motions." Id.

B. Analysis

Defendants argue the Court should adjudicate its successive motion for summary judgment because the motion (1) is based on an expanded record; and (2) proffers a new legal theory that would resolve the case in its entirety. Mot. at 6-7. Plaintiffs disagree, arguing the motion is premised on a baseless legal theory and facts that were available at the time of Defendants' earlier motions. Opp'n at 5-6, 12-14.

1. Expanded Factual Record

The Court will not re-adjudicate the argument that Plaintiffs cannot prove Home Depot's workday was designed to evade overtime. Defendants contend it is appropriate to relitigate this argument because it "is based on an expanded factual record, including additional facts regarding Home Depot's original workday designation in the early 1980s." Mot. at 7. This expanded record, Defendants contend, "makes clear that Plaintiffs have no evidence at all to support their claim." Id.

But as Plaintiffs argue, Defendants' "expanded factual record" refers to deposition testimony from Christine Barnaby—the Director of Human Resources Operations at Home Depot. Opp'n at 5 ("The entirety of Home Depot's Motion relies on the fact that it has not changed its workday definition since the early 1980's."). Barnaby was deposed on October 29, 2015. Indeed, Defendants

4

relied upon her testimony in their November 2015 and May 2017 motions for summary judgment. See Barnaby Decl., November 2015 Mot., ECF No. 72-2; Barnaby Decl., May 2017 Mot, ECF No. 146-1.

The Court denied Defendants' November 2015 motion for summary judgment on Plaintiffs' overtime law claim. During the hearing on this motion, the Court explained it had considered Barnaby's declaration and deposition testimony. Transcript of Feb. 23, 2016 Hearing at 20:12, ECF No. 98. Notwithstanding that evidence, the Court found itself unable to "conclude as a matter of law that [Home Depot's] workday designation was not designed to evade overtime law." Id. 28:21-24.

Defendants' May 2017 motion for summary judgment dealt with different claims. See May 2017 Mot. (requesting summary adjudication on Plaintiffs' Section 203 and Section 226 claims). The Court nonetheless found occasion to discuss Barnaby's declaration, and reiterate its prior ruling on the overtime claim. September 7, 2017 Order, ECF No. 58 ("In sum, although a jury presented with the totality of the evidence may still find Home Depot liable on the overtime claim . . . Home Depot has presented a good faith defense to [Section 203 and 226] liability.")

Bearing these orders in mind, the Court finds Defendants' Barnaby-based argument is purely repetitive. The Court will not allow Defendants to exploit a successive motion's "potential for abuse." The Court denies the motion on this ground.

///
///
///

2.  <u>New Legal Theory</u>

The Court also denies Defendants' motion for summary judgment based on their "new and distinct legal theory" that California labor law only prohibits an employer from changing its workday in a way that evades overtime obligations. See Mot. at 10-13. Defendants cite two district court cases for the proposition that courts frequently allow successive motions so a party may present new legal arguments: <u>Baker v. Phoenix Ins. Co.</u>, No. 12-cv-1788-JLR, 2013 WL 3208564, at *2-3 (W.D. Wash. June 24, 2013); <u>Larsgard v. Corizon Health, Inc.</u>, No. 13-cv-01747-PHX-SPL, 2014 WL 5340581, at *12 (D. Ariz. Oct. 21, 2014). In response, Plaintiffs argue that, while a court may allow successive motions so parties may raise new arguments, the new arguments cannot be frivolous. See Opp'n at 12-13. Plaintiffs contend Defendants' newly-proposed theory is "without legal support and contravenes the prevailing case law on which Judge Tigar and this Court based their [prior summary judgment decisions]." <u>Id.</u> at 12.

The provision at issue here is the California Department of Labor Standards Enforcement Policies and Interpretations Manual ("DSLE Manual") § 48.12. In relevant part, it reads:

> A workday is a consecutive 24-hour period beginning at the same time each calendar day, but it may begin at any time of day. The beginning of an employee's workday need not coincide with the beginning of that employee's shift, and an employer may establish different workdays for different shifts. However, once a workday is established, it may be changed only if the change is intended to be permanent and the change is not designed to evade overtime obligations.

Defendants understand this provision as only proscribing <u>changes</u> to an employee's workday that are designed to evade overtime obligations. Mot. at 10-13. That is to say: if an

6

employer establishes a workday designed to evade overtime obligations but never changes it, the workday is valid under California law. See Opp'n at 12-14. But as Plaintiffs argue, this reading of § 48.12, is tortured, contravenes common sense, and is unsupported by the cases Defendants cite. See Mot. at 10-13 (citing Cummings v. Starbucks Corp., No. 12-cv-06345-MWF, 2013 WL 2096435 (C.D. Cal. May 14, 2013); Mendoza v. Nordstrom, Inc., 2 Cal. 5th 1074, 1084-85 (2017); Abshire v. Redland Energy Servs., LLC, 695 F.3d 792, 794-95 (8th Cir. 2012); Johnson v. Heckman Water Res. (CVR), Inc., 758 F.3d 627, 632-33 (5th Cir. 2014)).

Indeed, in Seymore v. Metson Marine, Inc., a California Court of Appeal concluded that that California law barred employers from "designat[ing] its workweek in a manner that is designed primarily to evade overtime compensation." 194 Cal. App. 4th 361, 368 (2011), overruled on other grounds by Mendiola v. CPS Security Solutions, Inc., 60 Cal. 4th 833 (2015). The Eighth Circuit may have found that Seymore's interpretation of California law was incorrect, see Abshire v. Redland Energy Services, LLC, 695 F.3d 792, 795 (8th Cir. 2012), but this Court cannot. See Veliz v. Abney, 181 Fed. Appx. 621, 623 (9th Cir. 2006) ("When interpreting state law, federal courts . . . . [are] obligated to follow the decisions of the state's intermediate appellate courts where there is no convincing evidence that the state supreme court would decide the matter differently.")

The newness of Home Depot's second argument does not pardon how closely it flirts with frivolity. The Court denies Defendants successive motion for summary judgment on this ground.

## III. ORDER

For the reasons set forth above, the Court DENIES Defendants' successive motion for summary judgment.

IT IS SO ORDERED.

Dated: November 5, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE