Shaun Setareh (SBN 204514)
Thomas Segal (SBN 222791)
Farrah Grant (SBN 293898)
SETAREH LAW GROUP
9665 Wilshire Boulevard, Suite 430
Beverly Hills, California 90212
Telephone:   (310) 888-7771
Facsimile:   (310) 888-0109
shaun@setarehlaw.com
thomas@setarehlaw.com
farrah@setarehlaw.com
Attorneys for Plaintiff Michael Henry and the Class

Melissa Grant (SBN 205633)
Melissa.Grant@capstonelawyers.com
Robert Drexler (SBN 119119)
Robert.Drexler@capstonelawyers.com
Molly DeSario (SBN 230763)
Molly.DeSario@capstonelawyers.com
Jonathan Lee (SBN 267146)
Jonathan.Lee@capstonelawyers.com
CAPSTONE LAW APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:   (310) 556-4811
Facsimile:   (310) 943-0396

Attorneys for Plaintiffs Sandy Bell, Martin Gama and the Class

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SANDY BELL and MARTIN GAMA, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation; JOHN BROOKS, an individual; and DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendants. | Case No. 2:12-cv-02499-DJC-CKD<br>[Assigned to Hon. Daniel J. Calabretta]<br><br>**PLAINTIFFS' NOTICE OF AND MOTION FOR RECONSIDERATION REGARDING SEPTEMBER 7, 2017 ORDER GRANTING PARTIAL SUMMARY JUDGMENT (ECF NO. 158) DUE TO DEFENDANT'S FALSE TESTIMONY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: March 28, 2024<br>Time: 1:30 p.m.<br>Courtroom: 10<br><br>Trial: January 27, 2025 |

1

**PLAINTIFFS' MOTION FOR RECONSIDERATION REGARDING SEPTEMBER 7, 2017 ORDER GRANTING PARTIAL SUMMARY JUDGMENT DUE TO DEFENDANT'S FALSE TESTIMONY**

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on March 28, 2024 at 1:30 p.m., or as soon thereafter as may be heard in Courtroom 10 of the United States District Court for the Eastern District of California, located at 501 I Street, Sacramento, California 95815 Plaintiffs Michael Henry, Sandy Bell, Martin Gama, and the Class will and hereby do move this Court for reconsideration of its September 7, 2018 order (Dkt. No. 158) granting partial summary judgment against Plaintiffs' California Labor Code section 203 and 226 claims.  Plaintiffs move on the grounds that the September 7, 2018 ruling was based on evidence that Defendant has now recanted, and reconsideration is warranted to account for the corrected evidence.  Counsel met and conferred regarding this motion on or about July 21, 2023.

This motion is based on Federal Rule of Civil Procedure 54(b), whereby any order or other decision "that adjudicates fewer than all the claims" in an action "may be revised at any tiem before the entry of a judgment adjudicating all the claims . . . ."

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, Declaration of Melissa Grant, all papers filed in this action, and such further evidence and argument as may be presented to the Court.

Dated: January 24, 2024,              Respectfully submitted,

                                           SETAREH LAW GROUP

                                           By:   */s/ Shaun Setareh*
                                                 Shaun Setareh
                                                 Thomas Segal
                                                 Farrah Grant
                                                 Attorneys for Plaintiff Michael Henry and the Class

                                           CAPSTONE LAW APC

                                           By: [signature]
                                              Melissa Grant
                                              Robert Drexler
                                              Molly DeSario
                                              Jonathan Lee

2

**PLAINTIFFS' MOTION FOR RECONSIDERATION REGARDING SEPTEMBER 7, 2017 ORDER GRANTING PARTIAL SUMMARY JUDGMENT DUE TO DEFENDANT'S FALSE TESTIMONY**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 5

II. STATEMENT OF RELEVANT FACTS.................................................................... 7

    A. The Bell Action is Filed July 2012 ................................................................... 7

    B. The Henry Action is Filed September 2014 .................................................. 7

    C. The *Bell* and *Henry* Cases are Consolidated.................................................. 8

    D. Defendant Moves for Partial Summary Judgment of the Section 203 and 226 Claims........ 8

    E. Six Years After Submitting False Testimony That Shaped the Claims in the Case, Defendant Admits the Testimony Was False .................................................................................. 10

    F. Plaintiffs Expended Extensive Time and Costs Litigating the Case Following the September 7, 2017 Order Granting Partial Summary Judgment ................................... 12

III. SUMMARY OF APPLICABLE LAW ...................................................................... 14

IV. ARGUMENT .............................................................................................................. 15

    A. Home Depot Concedes That Reconsideration is Appropriate. ........................... 15

    B. The Court has Authority to Revise Order Granting Partial Summary Judgment 15

    C. The Court Should Vacate its Order Granting Partial Summary Judgment As the Ruling Was Based on Defendant's False Representations ............................................. 17

V. CONCLUSION ............................................................................................................. 20

**PLAINTIFFS' MOTION FOR RECONSIDERATION REGARDING SEPTEMBER 7, 2017 ORDER GRANTING PARTIAL SUMMARY JUDGMENT DUE TO DEFENDANT'S FALSE TESTIMONY**

# TABLE OF AUTHORITIES

**Federal Cases**

*Cachil Dehe Band of Wintun Indians v. California*, 649 F. Supp. 2d 1063
 (E.D. Cal. 2009) ................................................................................................. 16

*City of Los Angeles v. Santa Monica BayKeeper*, 254 F.3d 882 (9th Cir.2001) ................. 15

*Dietz v. Bouldin*, 136 S. Ct. 1885 (2016) ........................................................................... 15

*Franklin v. Virga*, No. 2:05-CV-0304 KJM, 2013 WL 5597110 (E.D. Cal., Oct. 11, 2013) .. 15

*Henry v. Home Depot U.S.A., Inc.*, No. 14-CV-04858-JST, 2016 WL 39719
 (N.D. Cal., Jan. 4, 2016) ..................................................................................... 19

*Knight v. Rios*, No. 1:09–cv–00823–AWI–JLT HC, 2010 WL 5200906
 (E.D. Cal. Dec.15, 2010) ..................................................................................... 16

*Marconi Wireless Telegraph Co. of America v. United States*, 320 U.S. 1 (1943) ........... 15

*McConnell v. Lassen Cnty.*, No. 2:05–cv–0909 FCD DAD, 2008 WL 4482853
 (E.D. Cal. Oct.3, 2008) ....................................................................................... 15

*Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 1992) ...................................... 19

*School Dist. No. 1J Multnomah Cnty. v. AC & S Inc.*, 5 F.3d 1255 (9th Cir.1993) ............ 16

*United States v. Martin*, 226 F.3d 1042 (9th Cir. 2000) .................................................... 15

**California Cases**

*Huntington Memorial Hospital v. Superior Court* (2005) 131 Cal.App.4th 893, 32
 Cal.Rptr.3d 373 ............................................................................................. 5, 15

4

**PLAINTIFFS' MOTION FOR RECONSIDERATION REGARDING SEPTEMBER 7, 2017 ORDER GRANTING PARTIAL SUMMARY JUDGMENT DUE TO DEFENDANT'S FALSE TESTIMONY**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Plaintiffs and Class Representatives Sandy Bell, Martin Gama and Michael Henry's Motion asks this Court to reconsider its order granting Defendant Home Depot U.S.A., Inc. partial summary judgment on Plaintiffs' claims for waiting time and wage statement penalties (Labor Code sections 203 and 226), which was based on testimony that Home Depot now admits is false. Indeed, Home Depot concedes that reconsideration is appropriate. ECF No. 210 at 4:20-21: "Defendants will stipulate to strike the mistaken testimony and for the Court to reconsider the motion."

The certified claim in this consolidated action alleges Home Depot evades paying overtime wages to employees working qualifying shifts that span midnight by defining its workday as midnight to 11:59 p.m. If an employee on an overnight shift works 12 hours from 3:00 p.m. to 3:00 a.m., Home Depot does not pay him or her overtime wages because the additional three hours occurred on a different workday. *See* Labor Code § 510(a) (providing for overtime pay for shifts more than 8 hours or more than 12 hours in a "workday.")

Plaintiffs contend that Defendant unlawfully defined its workday because: "An employer may not engage in a subterfuge or artifice designed to evade the overtime laws." (*Huntington Memorial Hospital v. Superior Court* (2005) 131 Cal.App.4th 893, 910, 32 Cal.Rptr.3d 373.)  In granting Defendant partial summary judgment, this Court concluded that, even though Home Depot had no direct evidence of a *bona fide* business purpose for defining its workday in California as midnight-to-midnight as the law requires, the circumstantial evidence that the admittedly false and unsubstantiated testimony provided was sufficient to create a good faith dispute defense as to whether Home Depot acted willfully as well as knowingly and intentionally.  ECF No. 158. That circumstantial evidence consisted of the declarations and deposition testimony of Home Depot's 30(b)(6) deponent, Christine Barnaby, who stated that Home Depot established its workday in the 1980s when it had little presence in California (presumably relevant because California at

5

**PLAINTIFFS' MOTION FOR RECONSIDERATION REGARDING SEPTEMBER 7, 2017 ORDER GRANTING PARTIAL SUMMARY JUDGMENT DUE TO DEFENDANT'S FALSE TESTIMONY**

the time was the only state with daily overtime laws), that this designation has always applied on a company-wide basis, and **that it never changed**. *Id.* at 9-14.[1]

Home Depot has now recanted this critical testimony, admitting that for six years in the 1990s, it departed from its usual midnight to 11:59 a.m. workday and defined the workday in California as 4:00 a.m. to 3:59 a.m.—presumably to comply with California's daily overtime law by paying employees who worked qualifying shifts that crossed midnight overtime wages. Then about two months after California repealed its daily overtime laws (effective January 1, 1998), Home Depot changed its workday definition back to midnight to 12:59 a.m.

But when California reenacted daily overtime laws (effective January 1, 2000), Home Depot did not reinstate its 4:00 a.m. to 3:59 a.m. workday in order to comply with those laws with respect to qualifying shifts that crossed midnight. Instead, Home Depot continued defining its workday in California as midnight to 11:59 a.m., thereby evading its obligation to pay overtime wages to those employees—an obligation Home Depot clearly knew about as it paid overtime for qualifying shifts that crossed midnight when its workday was 4:00 a.m. to 3:59 a.m.. Thus, a trier of fact could reasonably infer that Home Depot's failure to change its workday definition back to 4:00 a.m. to 3:59 a.m. in January 1, 2000 was designed to avoid paying overtime. Accordingly, the nonpayment of overtime wages to employees working qualifying shifts that crossed midnight was willful, supporting an award of Labor Code section 203 and 226 penalties. The Court should therefore vacate the Order granting Defendant partial summary judgment on these derivative claims.

---

[1] Conversely, this Court has twice denied Defendant summary judgment on the merits of the certified overtime claim. ECF No. 113, Exhibit A at 28:16-29:1; ECF No. 179. On the second occasion, the Court rejected Home Depot's newly raised legal theory that California law only prohibits changes in the workday designation, stating: "The newness of Home Depot's second argument does not pardon how closely it flirts with frivolity." ECF No. 179 at 7:26-27.

**PLAINTIFFS' MOTION FOR RECONSIDERATION REGARDING SEPTEMBER 7, 2017 ORDER GRANTING PARTIAL SUMMARY JUDGMENT DUE TO DEFENDANT'S FALSE TESTIMONY**

## II. STATEMENT OF RELEVANT FACTS[2]

### A. The *Bell* Action is Filed July 2012

On July 18, 2012, Plaintiffs Sandy Bell and Martin Gama filed *Bell v. Home Depot U.S.A. Inc.* ("*Bell*") in Sacramento Superior Court. (Complaint, Dkt. 2-3.) The *Bell* complaint alleges numerous violations of the California Labor Code, including: (1) Unpaid Overtime; (2) Unpaid Minimum Wages; (3) Non-Compliant Wage Statements; (4) Wages Not Timely Paid Upon Termination; (5) Unpaid Business Expenses; (6) PAGA; and (7) UCL. Bell's PAGA claim sought recovery, including civil penalties, for violations of section 226(a) (improper wage statements). (Complaint, Dkt. 2-3, pp. 25; 28.) The action was removed to this Court pursuant to CAFA in October 2012. (Removal, Dkt. 2-3.)

On May 27, 2016, the Court granted Bell's motion for class certification as to the overnight overtime claims, the claim that employees on shifts that crossed midnight and also exceeded 8 hours were denied overtime because Home Depot counted the one shift as two workdays. (Order, Dkt. 110.)

### B. The *Henry* Action is Filed September 2014

On September 18, 2014, Plaintiff Henry filed an action entitled *Henry v. Home Depot U.S.A. Inc.* ("*Henry*") in the Superior Court of California in Alameda County. Defendant removed the action to the Northern District of California, pursuant to CAFA on October 31, 2014. (Removal, Dkt. 1). The *Henry* action also alleges Home Depot violated the California Labor Code by failing to provide meal and rest periods, failing to pay minimum wages, issuing non-compliant wage statements, failing to timely pay wages upon termination, and also claims under UCL and PAGA. (Removal, Dkt. 1-2.) On May 3, 2016 Judge Tigar certified the class of individuals who worked overnight shifts in the *Henry* case. (Order, Dkt. 65.) On August 31, 2016, Defendant's motion to transfer the

---

[2] The facts of this action and the extensive motion practice are well known to the Court. Only those facts relevant to this motion are presented here.

7

**PLAINTIFFS' MOTION FOR RECONSIDERATION REGARDING SEPTEMBER 7, 2017 ORDER GRANTING PARTIAL SUMMARY JUDGMENT DUE TO DEFENDANT'S FALSE TESTIMONY**

*Henry* action to the Eastern District of California was granted. (Order, Dkt. 85.)

### C. The *Bell* and *Henry* Cases are Consolidated

On September 13, 2016, the *Henry* and *Bell* matters were consolidated by stipulation and order. (Stipulation and Order, Dkt. 136.) Common to both claims are the wage and hour violations for the workday and wage statement provisions based on the overnight shifts and the demand for civil penalties for those violations under sections 203 and 226(a).

### D. Defendant Moves for Partial Summary Judgment of the Section 203 and 226 Claims

On May 2, 2017, Home Depot moved for partial summary judgment on Plaintiffs' claims for statutory penalties under Labor Code sections 203 (failure to pay final wages) and 226 (failure to provide proper wage statements). (Motion, Dkt. 146.) Home Depot asserted there was no triable issue of fact because it did not "willfully" or "knowingly and intentionally" fail to act in accordance with the law. (Motion, Dkt. 146, p.2). Home Depot denied Plaintiff's claim that it willfully and intentionally defined its workday to avoid paying overtime. Moreover, Home Depot argued "that [pursuant to California law] only changes to an existing workday designation can provide the basis for viable claims alleging that an employer's designated workday was designed to evade paying overtime. (Dkt. 146-5:27-6:4.) Home Depot emphasized that it had never changed its workday definition of midnight to 11:59 a.m.. Home Depot's Motion was entirely based on the Christine Barnaby's Declaration and nearly identical deposition testimony filed in support thereof, which states in part:

> 2. As Director of Human Resources Operations... I am familiar with, and have access to, employee work history records, employee timekeeping and payroll records, and Home Depot's current and historical policies and procedures.
> 3. Home Depot opened its first store in California in 1985.
> 4. Home Depot established its workday in the 1980s. The definition applied and continues to apply on a company-wide basis.
> 5. Home Depot has never changed its workday definition.

8
**PLAINTIFFS' MOTION FOR RECONSIDERATION REGARDING SEPTEMBER 7, 2017 ORDER GRANTING PARTIAL SUMMARY JUDGMENT DUE TO DEFENDANT'S FALSE TESTIMONY**

(ECF No. 146.1, ¶¶ 2-5.) Home Depot further contended that given these representations—particularly that Home Depot never changed its workday definition—it had a good faith dispute defense to Plaintiffs' claim that it willfully as well as knowingly and intentionally defined its workday as midnight to 11:59 a.m. to evade paying overtime.

Nevertheless, as the Court noted in its November 6, 2019 Order denying Defendant's third attempt to prevail on a motion for summary judgment on Plaintiffs' underlying overtime claims, the entirety of Home Depot's Motion relied on Christine Barnaby's Declaration in which she stated that Home Depot has not changed its workday definition since the early 1980's: "Indeed, Defendants relied upon her testimony in their November 2015 and May 2017 motions for summary judgment." (Dkt. 179 4:26-5:3).

Relying on the representations made in Barnaby's Declaration in support of their Motion and again in her deposition, this Court, on September 7, 2017, granted Defendant's Motion for Partial Summary Judgment on Plaintiffs' claims for statutory penalties under California Labor Code sections 203 and 226. (ECF No. 158). The Court stated the following: (1) Home Depot did not submit direct evidence of a bona fide purpose for its workday designation, which it is required to have provided under California law. *See Seymore v. Metson Marine*, Inc., 194 Cal. App. 4th 361, 370 (2011) ("an employer may designate a work[day] used to calculate compensation that differs from the work schedule of its employees only if there is a bona fide business reason for doing so, which does not include the primary objective of avoiding the obligation to pay overtime." (emphasis in original).) In such instances, the burden is on the employer to demonstrate "a legitimate business purpose other than the avoidance of the obligation to pay overtime wages." *Id.* at 371. (2) The circumstantial evidence that Home Depot did present was the declaration of Christina Barnaby, Director of Human Resources, who "attest[ed] that Home Depot established that this designation has always applied on a company-wide basis, that the first California store opened in 1985, and that Home Depot had never, prior to this litigation, analyzed the impact that its workday definition has on the overtime the company saved or paid." (Dkt. 179-6:4-

9

**PLAINTIFFS' MOTION FOR RECONSIDERATION REGARDING SEPTEMBER 7, 2017 ORDER GRANTING PARTIAL SUMMARY JUDGMENT DUE TO DEFENDANT'S FALSE TESTIMONY**

14.) Then the Court laid out Barnaby's deposition testimony on this point. Based on the Barnaby's representations, the Court granted Defendant's Motion. (ECF No. 158).

### E. Six Years After Submitting False Testimony That Shaped the Claims in the Case, Defendant Admits the Testimony Was False

On July 14, 2023, Plaintiffs' counsel emailed Defendant requesting that they supplement their discovery responses. Declaration of Shaun Setareh Exh. 1. On July 21, 2023, over 6 years after making the false representation, Defendant filed a Request for Status Conference and Notice of Intent to Move to Strike Mistaken Testimony (ECF No. 207). Home Depot admitted that it had made false representations to the Court. Specifically, the statements in the Declarations of Christine Barnaby filed May 2, 2017 and September 24, 2019 that Home Depot's California workday had always been defined as the calendar day and has never changed were false. The truth is, as Home Depot recently revealed, that it changed its workday definition twice. For six years in the 1990's, it changed from 12:00 p.m. to 11:59 a.m. to 4:00 a.m. to 3:59 a.m.—which meant that during this time it had to pay overtime wages to employees who worked a more than 8-hour or 12-hour shift that crossed midnight. Then about two months after California repealed its daily overtime laws (effective January 1, 1998), Home Depot changed its workday definition back to midnight to 11:59 a.m., apparently recognizing that it did not have to pay daily overtime wages for qualifying shifts crossing midnight.

But when California re-enacted daily overtime laws (effective January 1, 2000), Home Depot did not reinstate its 4:00 a.m. to 3:59 a.m. workday in order to comply with those laws. Instead, Home Depot continued its midnight to 11:59 a.m. workday in California, thereby evading its obligation to pay overtime wages to those employees who worked more than 8-hour or 12-hour shifts that crossed midnight—an obligation Home Depot clearly knew about as it previously would have paid daily overtime wages for such shifts when its workday definition was 4:00 a.m. to 3:59 a.m.  Indeed, as Barnaby recently testified as Home Depot's 30(b)(6) witness concerning its workday definition and the payment of overtime wages, Home Depot knows that employees who work a

10

**PLAINTIFFS' MOTION FOR RECONSIDERATION REGARDING SEPTEMBER 7, 2017 ORDER GRANTING PARTIAL SUMMARY JUDGMENT DUE TO DEFENDANT'S FALSE TESTIMONY**

qualifying shift that crosses midnight when the workday is 4 a.m. to 3:59 a.m. are due overtime wages, but if the workday is midnight to 11:59 a.m., they are not due overtime wages.

Thus, a trier of fact could infer that Home Depot's failure to change its workday definition back to 4:00 a.m. to 3:59 a.m. in January 1, 2000 was designed to avoid paying overtime. Without direct evidence of a *bona fide* business reason for the failure to change back its workday, and unable to rely on Christina Barnaby's false representation that Home Depot had never changed its workday definition—which raises questions as to other statements in her declaration concerning Home Depot's workday—granting partial summary judgment in favor of Home Depot now appears unwarranted.

It is simply not credible that Home Depot and Christina Barnaby could not have discovered the truth before. Barnaby's Declaration itself states that in her role as Director of Human Resources Operations, she is "familiar with, and have access to, employee work history records, employee timekeeping and payroll records, and Home Depot's current and historical policies and procedures." Although she claims, Home Depot only maintains copies of its SOPs, time records, and payroll data for 10 years, when she came clean about the change in the California workday definition, Home Depot was able to produce SOPs and SOP Updates dating back to 1997.  Moreover, Barnaby recently admitted in deposition that her false representations were actually unsubstantiated and based only on personal surmise and generalized recall. Indeed, at the time that she submitted her Declarations, she made no attempt at all to investigate whether Home Depot did in fact change its California workday definition.  She spoke to no one and reviewed no documents. Setareh Decl. Exh. 2, December 13, 2023 Barnaby Transcript 47:2-24.

Home Depot has still not provided any explanation for why it did not discover the fact that it had previously defined its workday so that all its employees would be paid overtime when they worked a more than 8-hour or 12-hour shift and then switched back

11

to a workday definition that deprives late night shift workers of overtime. Moreover, Home Depot refuses to disclose how and when it discovered it changed its workday definition and why it did so, claiming that that information is protected by the attorney-client privilege as only an in-house counsel knows that information. Declaration of Shaun Setareh Exh. 2, Barnaby Tr. 35:13-36:10. Plaintiffs will file a motion to compel that testimony on the grounds that conversations with the in-house counsel or the in-house counsel him- or herself is the only source of that highly relevant and critical information.

### F. Plaintiffs Expended Extensive Time and Costs Litigating the Case Following the September 7, 2017 Order Granting Partial Summary Judgment

Defendant's false testimony that resulted in the summary judgment order has led to Plaintiffs and the class incurring undue attorneys' fees and costs in briefing and arguing Defendant's Motion for Partial Summary Judgment (granted September 7, 2017, Dkt. No. 158), briefing and arguing Plaintiffs' October 20, 2017 Motion for Reconsideration (denied December 12, 2017, Dkt. No. 171), November 13, 2018 mediation with Mark Rudy and August 20, 2020 mediation with Michael Loeb (both under the assumption the original testimony and summary judgment rulings were correct), and class notice procedure.

Plaintiffs filed their motion for reconsideration of the Motion for Summary Judgment ruling on October 20, 2017. (ECF no. 161). Plaintiffs' motion for reconsideration was fully briefed. The Court denied the motion for reconsideration on December 12, 2017. (ECF No. 167).

On May 1, 2018, Defendant filed another Motion for Summary Judgment. (ECF no. 168). The motion was withdrawn on November 13, 2018. (ECF No. 171).

The parties participated in mediation on November 13, 2018 with mediator Mark Rudy. In advance of the mediation Plaintiffs hired an expert, reviewed documents, prepared a mediation brief, and paid their portion of the private mediation fee. The mediation did not result in settlement.

12

PLAINTIFFS' MOTION FOR RECONSIDERATION REGARDING SEPTEMBER 7, 2017 ORDER GRANTING PARTIAL SUMMARY JUDGMENT DUE TO DEFENDANT'S FALSE TESTIMONY

Case 2:12-cv-02499-DJC-CKD   Document 214   Filed 01/25/24   Page 13 of 20

On September 24, 2019, Defendant filed their fourth Motion for Summary Judgment which regarded Plaintiffs' overtime claim. (ECF No. 173). The motion was fully briefed. (ECF No. 171). On November 6, 2019, the Court denied Defendants' MSJ, finding that it raised arguments that either have already been adjudicated or are legally baseless. (ECF No. 179).

The parties again participated in mediation on August 20, 2020 with Michael J. Loeb, but the mediation did not result in settlement.

On May 7, 2021 the Parties submitted a joint stipulation regarding sending out class notice. (ECF no. 182). The notice was approved by the Court on May 11, 2021. (ECF No. 183).

On October 28, 2021 the Parties submitted a Second joint stipulation regarding sending out class notice. (ECF No. 187). The notice was approved by the Court on October 29, 2021. (ECF No. 187).

On January 27, 2023 the case was assigned to Judge Troy L. Nunley. (ECF No. 192).

On March 1, 2023 the parties filed a joint status report proposing deadlines. (ECF No. 200).

On April 4, 2023 the case was assigned to Judge Daniel J. Calabretta. (ECF No. 205).

On May 17, 2023, the Court issued a scheduling order setting dates and deadlines in the case, including a trial date of June 3, 2024. (ECF No. 206).

On August 10, 2023, the Court modified its scheduling order at the parties' request, setting new pretrial dates and deadlines and set a new trial date of January 27, 2025. (ECF No. 212).

Plaintiffs intend to file a motion for sanctions pursuant to Federal Rule of Civil Procedure 11 seeking issue sanctions precluding Home Depot from claiming a good faith dispute defense to Plaintiffs' claim for statutory penalties under Labor Code sections 203 and 226, and monetary sanctions for the attorneys' fees and costs that Plaintiffs have

13
PLAINTIFFS' MOTION FOR RECONSIDERATION REGARDING SEPTEMBER 7, 2017 ORDER GRANTING PARTIAL SUMMARY JUDGMENT DUE TO DEFENDANT'S FALSE TESTIMONY

had to incur as a result of Home Depot's false representations and the Court orders predicated on them.[3]

### III. SUMMARY OF APPLICABLE LAW

Labor Code § 510(a) provides that "Eight hours of labor constitutes a day's work." Section 510(a) also provides that "Any work in excess of eight hours work in one workday . . . shall be compensated at the rate of no less than one and one half times the regular rate of pay for an employee." Similarly under section 510(a) "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee."  Labor Code § 510(a) defines "workday" and "day" as "any consecutive 24-hour period commencing at the same time each calendar day."

An employer's failure to pay overtime gives rise not only to liability for unpaid overtime, but also for other claims based on the failure to pay wages owed.  Pursuant to Labor Code section 226(a) an employer is required to provide accurate wage statements, and under section 226(e)(1) is subject to statutory penalties for willful failure to do so. Pursuant to Labor Code section 201 employees who have been terminated must be paid all wages owed immediately upon termination (72 hours for employees who resign), and an employer is subject to statutory "waiting time" penalties under Labor Code section 203 of up to 30 days wages for willful failure to do so.

While an employer has the ability to define the "workday" that it uses, it may not do so in a manner which is designed to avoid its obligations to pay overtime:

> Under both federal and state labor laws, it is clear that an employer may not designate its workweek in a manner that is designed primarily to evade overtime compensation. The federal regulation states explicitly that the workweek may not be "designed to evade the overtime requirements of the [Fair Labor Standards] Act." (29 C.F.R. § 778.105.) Similarly, the DLSE Enforcement Policies and Interpretations Manual repeats that the workweek cannot be changed if "designed to evade overtime obligations." (DLSE, Enforcement Policies and Interpretations Manual, *supra,* at p. 48–

---

[3] Home Depot's practice of hiding key information is not unique to this case. In the case of *John Utne v. Home Depot U.S.A., Inc.* ("*Utne*"), California Northern District Case No. 3:16-cv-01854-RS, Home Depot failed to preserve crucial video footage related to the class action wage and hour claims. On May 9, 2022, the *Utne* court found that "Defendant engaged in misleading discovery conduct and failed to produce discoverable materials." (ECF No. 275)

14

**PLAINTIFFS' MOTION FOR RECONSIDERATION REGARDING SEPTEMBER 7, 2017 ORDER GRANTING PARTIAL SUMMARY JUDGMENT DUE TO DEFENDANT'S FALSE TESTIMONY**

1.) **<u>The bottom line is this: An employer may not engage in a subterfuge or artifice designed to evade the overtime laws."</u>** (*Huntington Memorial Hospital v. Superior Court* (2005) 131 Cal.App.4th 893, 910, 32 Cal.Rptr.3d 373.)

*Seymore v. Metson Marine, Inc.,* 194 Cal. App. 4th 361, 370 (2012) (emphasis added).

## IV. ARGUMENT

### A. Home Depot Concedes That Reconsideration is Appropriate.

While Home Depot presumably reserves the right to argue the merits, it in fact admits that the Court should reconsider the prior ruling. ECF No. 210 at 4:20-21: "Defendants will stipulate to strike the mistaken testimony and for the Court to reconsider the motion."

### B. The Court has Authority to Revise its Order Granting Partial Summary Judgment

"A district court's power to rescind, reconsider, or modify an interlocutory order is derived from the common law." *Franklin v. Virga*, No. 2:05-CV-0304 KJM, 2013 WL 5597110, *1 (E.D. Cal., Oct. 11, 2013) (citing *City of Los Angeles v. Santa Monica BayKeeper*, 254 F.3d 882, 886 (9th Cir.2001); *McConnell v. Lassen Cnty.*, No. 2:05–cv–0909 FCD DAD, 2008 WL 4482853, *2 (E.D. Cal. Oct.3, 2008) ("Where reconsideration of a non-final order is sought, the court has 'inherent jurisdiction to modify, alter, or revoke it.'") (quoting *United States v. Martin*, 226 F.3d 1042, 1048–49 (9th Cir. 2000)).

In addition, Fed. R. Civ. P. 54(b) specifically grants a district court the authority to revisit any of its orders prior to entry of the final judgment dismissing all claims in an action: "any order or other decision, however designated, that adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." The United States Supreme Court has affirmed this authority: "the Court has recognized that a district court ordinarily has the power to modify or rescind its orders at any point prior to final judgment in a civil case." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (citing to *Marconi Wireless Telegraph Co. of America v. United*

15

1  *States*, 320 U.S. 1, 47–48 (1943)).

2      Rule 54(b) authorizes review without reference to the standards for a motion for
3  reconsideration. But those standards nonetheless provide guidance as to what factors
4  may be reviewed in a motion under Rule 54(b). "Reconsideration is appropriate where
5  there has been an intervening change in controlling law, new evidence has become
6  available, or it is necessary to correct clear error or prevent manifest injustice." *Cachil*
7  *Dehe Band of Wintun Indians v. California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009)
8  (citing *School Dist. No. 1J Multnomah Cnty. v. AC & S Inc.*, 5 F.3d 1255, 1263 (9th
9  Cir.1993)).

10      Reconsideration is appropriate here as new evidence has become available. False
11  Evidence that Defendant previously provided to the Court was the basis of the Court's
12  ruling on the Motion for Partial Summary Judgment. Specifically, the statements in the
13  Declarations of Christine Barnaby filed May 2, 2017 and September 24, 2019 that Home
14  Depot's California workday had always been defined as the calendar day and has never
15  changed were false. In fact, the California workday was defined as 4:00 a.m. to 3:59 a.m.
16  for what Home Depot claims was approximately a six-year period in the 1990s. Due to
17  the Court relying on Defendant's false representations in making its ruling on Defendant's
18  motion for summary judgment, the Court's order should be corrected to avoid a manifest
19  injustice.

20      Under Local Rule 230(j), the party moving for reconsideration must set forth: "(1)
21  when and to what [j]udge . . . the prior motion was made; (2) what ruling . . .was made
22  thereon; (3) what new or different facts or circumstances are claimed to exist which did
23  not exist or were not shown upon such prior motion, or what other grounds exist for the
24  motion; and (4) why the facts or circumstances were not shown at the time of the prior
25  motion." L.R. 230(j). "To succeed, a party must set forth facts or law of a strongly
26  convincing nature to induce the court to reverse its prior decision." *Knight v. Rios*, No.
27  1:09–cv–00823–AWI–JLT HC, 2010 WL 5200906, at *2 (E.D. Cal. Dec.15, 2010). The
28  substantive and procedural requirements of Rule 54(b) and Local Rule 230(j) are all met

16
**PLAINTIFFS' MOTION FOR RECONSIDERATION REGARDING SEPTEMBER 7, 2017
ORDER GRANTING PARTIAL SUMMARY JUDGMENT DUE TO DEFENDANT'S
FALSE TESTIMONY**

in this action.

### C. The Court Should Vacate its Order Granting Partial Summary Judgment As the Ruling Was Based on Defendant's False Representations

The Court's Order granting partial summary judgment on Plaintiffs' Labor Code sections 203 (waiting time penalty) and 226 (wage statement penalty) claims was based on a finding that Home Depot had shown that there was no triable issue of material fact on this element because it had a good faith dispute defense to a finding of willfulness. ECF No. 158 at 4-5. The Court specifically relied on the Declaration of Christine Barnaby, and nearly identical deposition testimony, which stated that from the time that Home Depot started operating stores in California, it has always had a midnight-to-midnight workday, and that this has never changed:

> Although Home Depot has not submitted direct evidence of a bona fide business purpose for its initial workday designation, Home Depot has presented circumstantial evidence tending to show the company did not design the workday for the purpose of evading overtime wages. Home Depot's declarant, Christina Barnaby, Director of Human Resources, attests that Home Depot established its workday in the 1980s, that this designation has never changed, that this designation has always applied on a company-wide basis, that the first California store opened in 1985, and that Home Depot had never, prior to this litigation, analyzed the impact that its workday definition has on the overtime the company saved or paid.

*Id.* at 6:4-14.

The Court considered these facts important because penalties under sections 203 and 226 require a showing that the defendant employer's conduct was willful, and this showing is negated if the defendant employer can show that there is a good faith dispute over whether wages are owed. *Id.* at 4:23-5:15.

Importantly, a good faith dispute must be based in "law or fact." Cal. Code Regs. tit. 8, § 13250 subd. (a). Home Depot, however, has now retracted the testimony on which the grant of partial summary judgment was predicated, meaning that there is no factual basis for its purported good faith dispute. Home Depot admitted that the representation

17

that its workday had always been midnight to midnight was not true and admitted that: "the workday definition for California was defined as 4:00 a.m. to 3:59 a.m. for an approximately six-year period in the 1990s." ECF No. 207:16-18.

Critically, Home Depot's motion for partial summary judgment on the derivative claims was predicated on the now recanted fact that Home Depot always had a midnight-to-midnight workday in California. For example, in Home Depot's Statement of Undisputed Facts, one of the four purportedly undisputed facts was: "Home Depot has never changed its workday definition, which has continued to apply on a company-wide basis." ECF No. 146-2 at 2:10-12.

In the motion for partial summary judgment, Home Depot asserted that: "This [midnight to midnight] workday definition was established in the 1980s on a company-wide basis when Home Depot had little if any presence in California (Home Depot opened its first California store in 1985), and has not been changed since that time." ECF No. 146 at 2:23-3:3. Home Depot also asserted that: "The initial and only workday definition Home Depot has ever used was established in the 1980s on a companywide basis and there is no direct evidence the initial decision was designed to evade overtime." *Id.* at 2:7-9.

But we now know that this is untrue. Home Depot initially had a midnight-to-midnight workday in California, but then changed it for a purported six year period[4] in the 1990s to a 4:00 a.m. to 3:59 a.m. workday, before changing it back again a couple of months after California repealed its daily overtime laws, and maintaining the midnight-to-midnight workday even when California re-enacted its daily overtime requirements.

Further, at the time that California re-enacted its California overtime laws, Home Depot was in the process of massively expanding its presence in California from 95 to 165 stores. Setareh Decl. Exh 3.

We also know that Home Depot cannot claim that its store hours provide a *bona*

---

[4] To confirm the accuracy of these claims, Plaintiff has noticed a 30(b)(6) deposition of a Home Depot witness in the IT department who would have historical knowledge of the workday programming of Home Depot's timekeeping and payroll systems.

18

**PLAINTIFFS' MOTION FOR RECONSIDERATION REGARDING SEPTEMBER 7, 2017 ORDER GRANTING PARTIAL SUMMARY JUDGMENT DUE TO DEFENDANT'S FALSE TESTIMONY**

*fide* business reason for its midnight-to-midnight workday, as would be required for the workday to be lawful under the authorities cited above.  That is because its California stores are generally open from 6:00 a.m. or 7:00 a.m. until 9:00 p.m. or 10:00 p.m.. ECF No. 153-2, Plaintiff's Disputed Fact 2.  *See Henry v. Home Depot U.S.A., Inc.*, No. 14-CV-04858-JST, 2016 WL 39719, at *4 (N.D. Cal., Jan. 4, 2016) ("Home Depot stores are not open 24 hours per day, so when the Home Depot workday begins, there are no customers in its stores, and none will arrive for several hours.")  Similarly, Home Depot's standard night shift is from 10:15pm to 6:45am. HD-BELL-0010295, Setareh Decl. Exh.4

A jury could infer from these facts that Home Depot changed its workday in California from midnight-to-midnight to 4:00 a.m. to 3:59 a.m. to comply with California's daily overtime laws; then changed it to midnight-to-midnight when California repealed its daily overtime laws; yet stayed with the midnight-to-midnight workday when California re-enacted its daily overtime laws because the midnight-to-midnight designation enables it to avoid having to pay overtime wages. In that case, the failure to pay overtime would be willful and intentional. And for purposes of whether summary judgment should be granted, that inference should be drawn in favor of the non-moving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764,772 (9th Cir. 1992). Therefore, the Court should vacate the order granting summary judgment as to the section 203 and 226 claims.

///

///

///

19

**PLAINTIFFS' MOTION FOR RECONSIDERATION REGARDING SEPTEMBER 7, 2017 ORDER GRANTING PARTIAL SUMMARY JUDGMENT DUE TO DEFENDANT'S FALSE TESTIMONY**

# V. CONCLUSION

Since the factual premise of Home Depot's Motion for Partial Summary Judgment has been recanted, the Order granting the Motion based on that premise should be vacated.

Dated: January 24, 2024,                    Respectfully submitted,

                            SETAREH LAW GROUP

By:   */s/ Sharun Setareh*
      Shaun Setareh
      Thomas Segal
      Farrah Grant
      Attorneys for Plaintiff Michael Henry and the Class

CAPSTONE LAW APC

By: _[signature]_
     Melissa Grant
     Robert Drexler
     Molly DeSario
     Jonathan Lee

**PLAINTIFFS' MOTION FOR RECONSIDERATION REGARDING SEPTEMBER 7, 2017 ORDER GRANTING PARTIAL SUMMARY JUDGMENT DUE TO DEFENDANT'S FALSE TESTIMONY**